## Halsey *versus* Blood.

When money is left with a county measurer, for the purpose of redeeming land that has been sold for taxes, it must be left unconditionally. The moment he receives it he is bound to pay it over to the purchaser on demand, regardless of conditions attempted to be imposed by the party redeeming.

The treasurer's receipt, given to the original owner, is the written evidence of redemption prescribed by law, and is an official document that cannot be destroyed by parol evidence.

One tenant in common may redeem land sold for taxes for himself and his co-tenant.

When the existence and loss of a treasurer's deed are shown, the minutes of the acknowledgement kept by the prothonotary may be given in evidence to prove its contents.

ERROR to the Court of Common Pleas of *Jefferson county*.

This was an action of ejectment brought by Robert Halsey against K. L. Blood, to recover possession of 900 acres of land, surveyed upon warrant No. 2370, and situate in Heath township, Jefferson county. The title appeared to have been regularly vested in Wilhelm Willink & Co. In 1830 it was assessed with taxes in the name of Willink & Co., and, as is alleged, sold for their non-payment by William A. Sloan, treasurer of Jefferson county, to one George W. Pelton. No deed is shown from Sloan to Pelton, but to prove its existence, plaintiff offered the minutes kept by the prothonotary, of acknowledgment in 1833, of William A. Sloan to said Pelton for No. 2370; they also offered the testimony of Pelton to prove its loss. By deed bearing date 25th January, 1837, Pelton seems to have conveyed his interest in the land to Edward Jackson, who, on the 19th of March, 1838, conveyed the one undivided half part of the tract to William Hoyt; William Hoyt and wife, by deed dated 14th September, 1841, conveyed their interest (reserving 115 acres) to Robert and William Halsey. It was alleged that William Halsey and wife, on the 1st of May, 1852, conveyed their interest to Robert Halsey. It was also alleged that the half of the tract which remained in Jackson was conveyed by him to Robert Halsey, by deed dated 20th October, 1854; this deed does not appear to have been acknowledged until about the 23d of October, 1855. The land was assessed with taxes in the name of Wilhelm Willink, in Barnett township, for 1848, and in 1849, 1850, 1851, in Heath township. It was sold for the non-payment of these taxes by E. R. Brady, treasurer of Jefferson county, to Cyrus Blood. The deed to Blood was dated the 1st, and acknowledged the 17th of September, 1852. Cyrus Blood sold his interest to C. P. Cummins and K. L. Blood, by deed dated 17th February, 1854, and C. P. Cummins and wife by deed dated the 8th December, 1854, conveyed their interest to Kennedy L. Blood, the present defendant.

It is alleged that the effect of Brady's sale was destroyed by the redemption of the land by plaintiff, on the 25th January, 1854. This is denied by defendant, who avers that the so called redemption was no more than a deposit of money with the treasurer for the purpose of purchasing the title of K. L. Blood. That at the time of alleged redemption, plaintiff, by J. J. Y. Thompson, who he now says was his agent, left an assignment with the treasurer, with directions to pay the money to Blood only on the event of his executing the assignment.

On the trial, plaintiff, to prove a treasurer's deed alleged to be lost, offered the record or minute kept in the prothonotary's office of the acknowledgment, to the reception of which defendant objected.

The court overruled the exception, and admitted the evidence, to which defendant excepted.

Plaintiff gave in evidence the following receipt:—

"Taxes on 2370 for 1848–49–50–51, including cost and per centage, $82.97½.   Taxes on 2370 for 1852–53, $26.62.

"Received, January 25, 1854, of Robert Halsey, per John J. Y. Thompson, one hundred and nine dollars and fifty-nine cents, on account of taxes assessed on the above tract, as per statement, and also the redemption as above stated.

"$109.59.                         "DAVID HARL,
          "Treasurer of Jefferson county."

Defendant offered to prove, by David Harl, acting treasurer of Jefferson county, on the 21st day of January, 1854, that John J. Y. Thompson, the person now alleged to have acted as the agent of the plaintiff in the transaction on the day of assignment, which has been given in evidence was left with the said treasurer, he, the said Thompson, left the amount of money mentioned in the redemption receipt, which has been given in evidence, with the treasurer, under the express direction and condition that the money should not be paid over to K. L. Blood, unless he would execute the assignment of his title, which has been given in evidence. That this condition was made known to defendant when he went to the treasurer's office to lift the money. That defendant refused to accept the money on the condition mentioned, and that he has never lifted the money, nor has the direction or condition ever been withdrawn by the plaintiff or any other person for him.

Defendant offers to prove further that the receipt of the 25th January, 1854, which has been given in evidence by the plaintiff, was drawn up by William P. Jenks, Esq., who acted as clerk for the treasurer in his absence; that the receipt was signed by the treasurer and delivered to John J. Y. Thompson, under and

[Halsey v. Blood.]

in pursuauce of the conditions annexed to the deposit of the money with the treasurer on the 21st January, 1854.

The offer was objected to by plaintiff's counsel, and rejected by the court, and thereupon the defendant's counsel excepted.

The jury found for the plaintiff.  The defendant thereupon sued out this writ, and assigned for error:—

The admission of the record of the acknowledgment of the treasurer's deed to Pelton to prove its contents, and the rejection of the parol evidence in reference to the conditions upon which the redemption-money was paid.

*Jenks*, for plaintiff in error.—The minutes of the acknowledgment of deeds kept by the prothonotary are secondary evidence, and cannot be received until the deeds said to have been acknowledged are shown to have been in existence; and second, even if they are not secondary evidence, the record of an acknowledgment would not prove the existence of a deed any more than the writing or signing of one.  In Chess v. Chess, 1 *P. R.* 43, it is held that a delivery is essential to the proper and legal execution of a deed, and even the placing of a deed upon record by the grantor is not an absolute delivery, but only evidence of it.

The payment of the money by Thompson—his leaving with the treasurer an assignment to be executed—the direction that the money was not to be paid to Blood unless he executed the assignment, and the alleged redemption receipt delivered by the treasurer, are but parts of the same transaction.  The idea of a redemption was to be held out to Blood, when in reality the purchase of his title was intended.  The money was impressed with the character of purchase-money, and remained subject to the control of Halsey's agent: *Purdon's Dig.* 825, § 30; Lane v. Reynard, 2 *S. & R.* 65; Covert v. Irwin, 3 *S. & R.* 283; Kennedy v. Skeer, 3 *Watts* 95; Alden v. Grove, 6 *Harris* 377.

*Gordon*, for defendant in error.

The opinion of the court was delivered by

Lewis, C. J.—On the trial below, the plaintiff there gave evidence of a legal title to the land in controversy.  The defendant relied upon a sale for taxes.  The plaintiff answered that by the production of the treasurer's receipt for the redemption-money within two years from the sale.  The defendant below then offered to prove by parol evidence that when the money was left with the treasurer, several days before the receipt was given, the plaintiff's agent left it on condition that the money should not be paid to the defendant, unless he would execute an assignment of his title; that this condition was made known to the defendant, when he

[Halsey *v.* Blood.]

went to the treasurer for his money, and that he has always refused to accept the money on the conditions stated. It would be a sufficient answer to say that the money was left with the treasurer subject to the conditions named on the 21st January, 1854, and the treasurer gave and the plaintiff's agent accepted an *unconditional* receipt for it four days afterwards, to wit, on the 25th January, 1854. But waiving this answer, it is certainly sufficient to say that the law imposes on the treasurer the duty of receiving and receipting for the redemption-money for the use of the purchasers at the treasurer's sales. He has no right to accept it upon conditions of any sort. The moment he receives it he is bound to pay it over to the purchaser on demand, regardless of conditions attempted to be imposed by the party redeeming. The receipt given for the money by the treasurer to the original owners, is the written evidence of redemption prescribed by law. It is an official document which cannot be destroyed by such parol evidence as was offered in this case.

The other errors are not assigned according to the rule of court; but there is nothing in them to justify a reversal of the judgment.

One tenant in common may redeem for himself and his cotenant.

When the existence and loss of a treasurer's deed have been shown, the minutes of the acknowledgment kept by the prothonotary, may be given in evidence to prove its contents.

When a plaintiff shows title to a tract of land, describing it by the name and number of the warrant and the quantity contained in the official survey, " excepting and reserving 115 acres sold and conveyed to Ira Bowen," the defendant cannot resist a recovery on the ground that this reservation shows an outstanding title in Ira Bowen. Such a defence must be founded on a perfectly legal title, and must be made out with sufficient certainty to enable the court and jury to enforce it. A wrongdoer, without title, who endeavours to protect his trespass by the outstanding title of a stranger, has no equity, and is not entitled to any particular favour. In this case the defendant has nothing to do with the 115 acres. He neither describes them, nor locates them, nor shows that he is in possession of that particular part of the tract. It is therefore impossible to set it out to him in the verdict. It was his business to make out his defence with certainty. In this he has entirely failed.

Judgment affirmed.