## H. ARNOLD ET AL. v. D. R. PFOUTZ, ADMR.

ERROR TO THE COURT OF COMMON PLEAS OF CLINTON COUNTY.

Argued April 27, 1887—Decided October 3, 1887.

1. Plaintiff, in an action of trespass quare clausum fregit, showed payment of purchase money by him under articles between the administrator of the owner of the legal title of the one part and plaintiff and another of the other part, but executed by the vendor and himself only, which sale after suit brought was confirmed to the plaintiff by the Orphans' Court, and deed made accordingly: Held, that it was not error to admit in evidence of title the articles, the record of the Orphans' Court proceedings, and the deed made in pursuance thereto.

2. Plaintiff having shown title and that the trespass was committed within his lines, defendants introduced evidence to show that the lines of the official survey under which they claimed embraced the land in dispute, which plaintiff rebutted by evidence that the lines of the defendants' survey as originally marked on the ground did not include the place of trespass: Held, that this rebuttal evidence was properly admitted.

3. The defendants then offered to show that the lines proven in plaintiff's rebuttal as the lines of the defendants' survey, were not made in the location and were not monuments thereof, and that the lines as they claimed them had been repeatedly recognized by the plaintiff: Held, properly excluded as inadmissible in sur-rebuttal.

Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.; PAXSON, J., absent.

No. 111 July Term 1886, Sup. Ct.; court below, No. 27 February Term, 1882.

This action was brought December 24, 1881, by John W. Wertz against Halsey Arnold and Simeon Summerson, in Trespass q. c. f., claiming treble damages under the act of March 29, 1824, 8 Sm. L. 283, for cutting timber on lands, the ownership of which was claimed by the plaintiff. Before the trial the plaintiff died and his administrator, David R. Pfoutz, was substituted. The plea was not guilty.

The plaintiff's title to the locus in quo was under a warrant granted to Simon Pfoutz on April 25, 1837, for 400 acres in Chapman township, Lycoming county, now Leidy township, Clinton county. A survey was made on this warrant on December 18, 1837, by Robert Hamilton, deputy surveyor, on which was noted an interference with a survey on a warrant to John Baird. On September 28, 1840, the Board of Property ordered a re-survey which was made by the county surveyor on November 21, 1865. Under this warrant two patents were subsequently issued: one to John W. Wertz, dated December 26, 1865, for 195 acres and 134 perches, and one to A. C. Noyes, executor of Jacob W. Pfoutz, deceased, dated August 4, 1870, for 219 acres and 9 perches. On August 7, 1869, before he obtained his patent, A. C. Noyes, as executor of said Jacob W. Pfoutz, contracted to sell the land covered by it to John W. Wertz, the plaintiff, and Taylor Wertz, as soon as the sale should be confirmed by the Orphans' Court, the agreement being executed by A. C. Noyes, executor, etc., of the one part, and John W. Wertz of the other part. In July, 1884, on the petition of C. R. Noyes, administrator d. b. n. c. t. a. of Jacob W. Pfoutz, the Orphans' Court made a decree authorizing him to make a deed to David R. Pfoutz, administrator of John W. Wertz, for the land described in the agreement, and such a deed was made on October 24, 1884.

The defendant claimed under a warrant to David Carskaddon, dated September 8, 1857, for 1000 acres of land in Grove and Leidy townships, which was surveyed on May 24, 1858, by William P. Baird, county surveyor. This survey was returned and accepted December 18, 1858, and patent to the warrantee issued therefor, dated July 5, 1870. By an article of agreement, made September 8, 1879, the heirs of David Carskaddon, then deceased, sold the timber on said tract to the defendants, who employed said William P. Baird to run the lines for them.

The timber they had cut was claimed by the defendants to have been within their own lines.

On the trial, before C. A. MAYER, P. J., after evidence, documentary and parol, the plaintiff called Charles R. Noyes. Contract shown witness:

Plaintiff offers to follow the paper offered in evidence, to wit: The contract between Amos C. Noyes, executor of Jacob W. Pfoutz, deceased, and John W. Wertz, by the testimony of the witness on the stand, showing the payment of the purchase money referred to in the contract.

Objected to: (1) Because the contract offered shows it is between said executor of the one part, and John W. Wertz and Taylor Wertz of the other part, and therefore it is incompetent to support this action by said plaintiff alone, and is irrelevant for that reason. (2) The contract shows a tenancy in common in the land described in it between John W. Wertz and Taylor Wertz, and it is not evidence to support an action brought by one of such co-tenants in his name alone.

By the court: Objection overruled; evidence admitted and bill sealed for defendants.[1]

The witness testified that the purchase money in full on the contract had been paid, indorsements showing that part had been paid by John W. Wertz and part by his administrator. Taylor Wertz, being sworn, testified that he never knew that his name was connected with the purchase of the tract until this case arose.

Plaintiff's counsel offer the petition of C. R. Noyes, administrator, with the will annexed of Jacob W. Pfoutz, praying the court to authorize a deed to be made to convey lands described in the agreement between the executors of the estate of Jacob W. Pfoutz and John W. Wertz to David R. Pfoutz, administrator of John W. Wertz. Petition is dated May 22, 1884; presented to court, July 7, 1884, accompanied by the order of the court, directing C. R. Noyes, administrator c. t. a. of the last will and testament of Jacob W. Pfoutz, to make, execute and deliver to the administrator of the estate of John W. Wertz in trust for the estate, all lands described in the body of the petition, being the same lands in controversy.

Defendants' counsel object: (1) Because these proceedings

are all after the institution of this suit. (2) Because it is incompetent to show title in the plaintiff subsequent to the commencement of this suit and subsequent to the trespass complained of. (3) It is irrelevant.

Plaintiff's counsel offer deed of Charles R. Noyes, administrator c. t. a. of the estate of Jacob W. Pfoutz to David R. Pfoutz, administrator of the estate of John W. Wertz in trust for said estate, etc., dated October 24, 1884, for the land upon which the timber in controversy was cut; this is for the purpose of showing the confirmation of the title which was in the plaintiff at the time of the bringing of the suit.

Defendants' counsel object: (1) Because these proceedings are all after the institution of this suit. (2) Because it is incompetent to show title in the plaintiff subsequent to the commencement of this suit and subsequent to the trespass complained of. (3) It is irrelevant.

By the court: I think it would be evidence. I will admit the petition and deed, and seal a bill for defendant.[2]

The defendants in their case in chief showed, inter alia, that after the purchase of the timber in controversy by them, William P. Baird, who had located and returned the Carskaddon warrant in 1858, ran the lines around the tract to enable the defendants to know where to cut to, and followed by testimony that they cut only to said line, and that the timber cut was within the lines of the Carskaddon tract.

In his rebuttal case, plaintiff offers to prove by A. K. White, William P. Mitchell and other witnesses, that the lines of the David Carskaddon tract, as shown by the defendants, are not the true lines of the David Carskaddon survey at the point of cutting, but that the said lines are marked on the ground by original line and corner trees, and that the place of cutting is north of said lines and outside of the boundaries of the Carskaddon survey; this for the purpose of rebutting the evidence of the defendants as to the location of the Carskaddon lines upon the ground, and as to the cutting being within the lines of said tract.

Defendants object to the above offer, because the return of survey of the David Carskaddon tract, under which they claim, was made more than twenty-one years before the commencement of this suit and up to that time the location of the same,

as shown by the said official return, was unquestioned by any one until this suit was brought; that the location of the same, according to said official return, as proven by the deputy surveyor, who located it, covers the timber in controversy and the presumption of the correctness of the return and the location in accordance therewith, has become absolute and is not open to attack.

By the court: Objections overruled and bill sealed for defendants.[3]

In their sur-rebuttal case, the defendants offer to prove by William P. Baird, Flavius David and other witnesses, that the marks found on the ground on the line from the Hamilton & Quigley w. o., which is also a corner of the David Carskaddon survey, running south 70 west to a chestnut or chestnut oak, and thence to a hemlock, claimed by plaintiff to be corners of David Carskaddon survey, were never made by William P. Baird, who located said Carskaddon survey, and are not monuments of said survey, and that the line as returned from said white oak north 70 west 84 perches, and from thence north 44 west 54 perches, was the line actually run on the ground when said Baird made the original location of the Carskaddon survey, and was repeatedly recognized as such by John W. Wertz in his lifetime, and that he so represented it to defendants when they were cutting the timber in dispute.

Plaintiff objects to the foregoing, because it is offered by the defendants after the plaintiff had closed his rebutting testimony, and is not admissible as sur-rebutting testimony. Also, because the matter proposed to be proved, if admissible at all, was a part of the defendant's case in chief, and they having failed to offer it then, are now too late. Also, because it is not sur-rebuttal. It is further objected to as irrelevant to the issue trying, especially that part which relates to the marks of the David Carskaddon found upon the ground. .It is incompetent to destroy a survey made upon the ground, by parol testimony of the surveyor who located the warrant after 21 years and thus substitute for the actual survey one founded simply on his recollection.

Objection sustained and bill sealed for defendants.[4]

M. D. Summerson being on the stand: Defendants propose to show by this and other witnesses, that after the defendants

began to cut the timber on the land in dispute, John W. Wertz told Simeon Summerson if he cut over the line he would sheriff him, speaking of the line which William P. Baird had run and witness had marked to cut to and being same line which Baird has testified to as the line of the Carskaddon.

Plaintiff's counsel object to the above offer because, (1) It is not sur-rebuttal. (2) It is irrelevant. (3) It is too indefinite.

Objections sustained and bill sealed for defendants.[5]

The court instructed the jury, inter alia, that the re-survey of the Simon Pfoutz warrant not having been made until 1865, it could not prevail as against the owner of the David Carskaddon warrant and survey, because the re-survey would have no efficacy until actually made on the ground; that David Carskaddon having obtained his warrant in 1857, and having made his survey in 1858, his warrant and survey would be entitled to hold all the land embraced within the lines of that survey as against a re-survey of the Simon Pfoutz warrant in 1865; so that the question for the jury to determine under the evidence was, where were the lines of the David Carskaddon warrant and survey run in 1858?

The jury returned a verdict in favor of the plaintiff for $960.95, and judgment being entered the defendants took this writ, assigning that the court erred:

1. In overruling defendants' objections to plaintiff's offer.[1]
2. In overruling defendants' objections to plaintiff's offer.[2]
3. In overruling defendants' objections to plaintiff's offer.[3]
4. In sustaining plaintiff's objections to defendants' offer.[4]
5. In sustaining plaintiff's objections to defendants' offer.[5]

*Mr. Jesse Merrill* and *Mr. Seymour D. Ball*, for the plaintiffs in error:

1. As to the first and second assignments. The parties' rights must be determined by what they were when the suit was instituted: 1 Wait's Act. and Def. 41; Alden v. Grove, 18 Pa. 377; Schrack v. Zubler, 34 Pa. 38; Tammany v. Whittaker, 4 W. 221. The interest of the plaintiff in the timber, if he had any, was, under the article of agreement, a bare equitable interest, without possession or right of possession until the sale was confirmed by the Orphans' Court, which was not until July 7, 1884, long after the alleged trespass.

2. The land on which the timber was cut, having been originally surveyed on warrant in 1858, and survey returned for more than 21 years before suit brought, unquestioned as the true lines and location of the Carskaddon tract, and the patent having been granted in 1870 by the same lines and monuments as in the return of survey, the correctness of the survey cannot be inquired into : Collins v. Barclay, 7 Pa. 72 ; Hagerty v. Mathers, 19 Pa. 348 ; Bellas v. Cleaver, 40 Pa. 260.

3. The plaintiff having been permitted to set up new lines and a new location of the Carskaddon tract, so as not to cover the land in dispute, the defendants should have been permitted in sur-rebuttal to show that the official lines as in the return of survey were actually run on the ground as in said return, and thus answer the new case made by plaintiff : Best Ev., § 631 ; Richardson v. Stewart, 4 Binn. 198 ; Roberts v. Young, 42 Pa. 439 ; Stetson v. Croskey, 52 Pa. 230.

4. If the offer referred to in the fifth assignment had been admitted, with the previous offer, the case would have been brought within the ruling of Kramer v. Goodlander, 98 Pa. 353.

*Mr. W. C. Kress* and *Mr. S. R. Peale*, for the defendant in error :

The brief contained a review of the evidence ; and, upon the point that an equitable and actual possession was sufficient as against an intruder, cited : Miller v. Zufall, 113 Pa. 317.

OPINION, MR. CHIEF JUSTICE GORDON :

This was an action of trespass quare clausum fregit brought by John W. Wertz, in his lifetime, against Halsey Arnold and Simeon Summerson, for cutting timber on the lands of the said plaintiff.  Before the time of trial the plaintiff deceased, and the administrator of his estate was substituted.  The main question was one of location, and was fully and fairly submitted to the jury, and of this no complaint has been made in this court.

The first and second assignments relate to Wertz's title, an article of agreement from A. C. Noyes, executor of John W. Pfoutz, deceased ; and the complaint is, that as it was drawn to John W. and Taylor Wertz the court ought not to have

permitted it to have gone in evidence, for that this action could not be maintained by one of these tenants in common. Turning, however, to the paper referred to, we find that whilst Taylor Wertz's name is found in the body of it, he did not execute it; and, on being called to the witness stand, he disclaimed all interest therein, so that the entire equitable estate vested in the plaintiff. Were it otherwise, however, as was said by Mr. Justice LEWIS, in the case of Halsey v. Blood, 29 Pa. 319, "a wrongdoer without title, who endeavors to protect his trespass by the outstanding title of a stranger, has no equity, and is not entitled to any particular favor." As the plaintiff's equitable title was entirely sufficient to maintain his action, Miller v. Zufall, 113 Pa. 317, the evidence complained of in the second assignment was of very little moment. Still, there was nothing objectionable in showing that Wertz's agreement had been sanctioned by the Orphan's Court, and that a deed had been made to him in accordance with its decree.

The third assignment is wholly without merit, for the plaintiff had the undoubted right to rebut the defendants' evidence of location. The fourth needs no consideration, for, so far as the testimony therein stated was relevant as rebutting evidence, it was admitted, and the witnesses fully examined.

Nor can we see that the fifth assignment convicts the court of error. The proposed evidence was offered with other testimony, to establish the line of the Carskaddon tract, and was, therefore, clearly evidence in chief, and regularly could not be introduced to rebut the plaintiff's rebutting testimony. The transaction stands thus: It was necessary for the plaintiff, in the outstart, to make out his case, not only by proving title or possession, but also that the timber was cut within the lines of his claim. To do this he necessarily proves the lines of the Carskaddon tract, because it is older than and adjoins the Pfoutz, so that upon him, in the first instance, rests the burden of establishing the line of the Carskaddon tract. The defendants then rebut, by fixing, if they can, what they designate as the "Baird line," and they are bound to produce all the evidence they have bearing on this point. They will not be permitted to give part of it in chief, and reserve the balance for the purpose of rebuttal. But this is precisely what the defendants attempted to do. If Wertz recognized the Baird line

as the line of the Carskaddon tract, that was some evidence of the rectitude of the defendants' contention, and as such was clearly evidence in chief. It could be nothing else, for if it did not go to the establishment of the Baird line, it was to no purpose whatever. It could not be used to contradict declarations of Wertz, for none such were given in evidence. There was but one thing for which, as the case was tried, the proposed proof could be used, and that was as evidence of location. Even as evidence in mitigation of damages, and a proposition of this kind is not in the case, it could be used only in rebuttal and not as proposed, as sur-rebuttal. So that in any view of the case, the court below cannot be reversed on this point without also reversing a well-settled rule of practice.

The judgment is affirmed.