## Gotshall v. J. Langdon & Company.

*Trespass—Action by equitable owner of land—Possession—Mining.*

A person who is the equitable owner of land under a contract to purchase the land, and has the exclusive possession thereof, may maintain an action of trespass against a wrongdoer.

In an action of trespass to recover damages for an alleged wrongful mining of coal under the plaintiff's land, the plaintiff may show that at the time some of the trespasses were committed, she was in exclusive, noto-

rious and open possession of the land, under a contract to purchase it, and that she had paid all of the purchase money and subsequently received a deed in fee simple for the land.

*Trespass—Statute of limitations—Wrongful mining of coal.*

Where the owner of land has no knowledge that coal is being taken from under his land by a trespasser, the statute of limitations does not begin to run against him until the time of actual discovery of the trespass, or the time when discovery was reasonably possible.

*Practice, C. P.—Amendment—Parties plaintiff.*

In an action of trespass for the wrongful mining of coal where the defendant pleads the statute of limitations, and the evidence shows that some of the trespasses were committed when the plaintiff was the equitable owner of the land, and before she received her deed for it, the record may be amended by adding to the name of the plaintiff the name of her grantor as co-plaintiff, and on appeal the Superior Court will consider the record as so amended.

Argued Oct. 23, 1900. Appeal, No. 37, Oct. T., 1900, by defendant, from judgment of C. P. Northumberland Co., May T., 1898, No. 102, on verdict for plaintiff in case of Annie L. Gotshall v. J. Langdon & Company, incorporated. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass for the alleged mining of coal. Before SAVIDGE, P. J.

The defendant pleaded not guilty, and subsequently at the trial the statute of limitations.

At the trial counsel for the plaintiff propose to show by C. W. Gotshall that the plaintiff in this case acquired an equitable title to the property in which the trespass is alleged to have been committed, some time in the year 1885, by a parol contract; that immediately after the contract was made between the plaintiff and Lewis Yeager, by and under which the plaintiff purchased the property, the plaintiff went into possession of the property and improved it by building thereon a house and making other improvements; that she has continued in possession from that time to the present; that at various times between the date of making of the contract and the date of the execution and delivery of the deed, the plaintiff made payments to the grantor of various sums of money on account of the purchase price until the full purchase price was paid, after which the deed for the premises in question was executed and delivered by the

grantor to the plaintiff, and that the full legal title was afterwards obtained. This for the purpose of showing an equitable title in the plaintiff at the time some of the trespasses, complained of in the declaration, were committed.

Counsel for the defendant objected :

1. Because the first proposition to prove an equitable title by the witnesses on the stand is a proposition to prove a question of law and no fact.

2. Because the offer is not evidence under the pleadings in this case, under the plaintiff's statement; the plaintiff's statement declaring not as an equitable owner, but as the owner of the fee, setting out no proportion in which she would be entitled as the owner of the legal title, and owner of the coal which is alleged to have been removed, the owner of the legal title having a right of action and the declaration declaring under the legal title of the property under which it is alleged the coal was mined.

3. Because it is alleged that there was a contract, or article of agreement, which it is not proposed to prove or show.

4. Because the entering into the possession of property by a married woman raises no presumption of ownership as against her husband, nor does it prove that she is the owner.

5. Because it is not competent to show title to real estate by parol testimony in this way.

6. Because the entire offer, if proved, would have no tendency to prove any title to the real estate in question prior to the date of the deed, which has been offered in evidence and which the plaintiff has already produced here and shown to be the inception of their title.

7. That the entire evidence would have no tendency to prove the right of the plaintiff to recover in this suit for anything prior to the date of the deed, which was September 5, 1891, because the evidence offered is incompetent, and under the pleadings irrelevant in this suit.

8. That whether the contract, proposed to be proved, be in parol or a written contract, it merged in the deed of September 5, 1891, and granted and conveyed to her in fee simple without the right of recovery any damages that might have accrued to her grantor.

9. That the evidence offered is not admissible under the

pleadings in this case, for the reason that the declaration charges that the plaintiff for many years prior to the grievance herein mentioned, was and still is the owner in fee of all that certain lot or piece of ground, situate, lying and being in the borough of Shamokin, county of Northumberland and state of Pennsylvania, and known, designated and described upon the map or plan of said borough as lot numbered 5, in block numbered 111.

That in February, 1894, or thereabouts, the precise time or date cannot now be accurately given, as the plaintiff had no means of knowing, and all information thereof was concealed from her by the said corporation, the said defendant knowing that the said coal was on the land of another and the exclusive property of another, with force and arms and in a wilful and fraudulent manner, and in the utter disregard of the plaintiff's right, broke and entered into, and upon and under the surface of the said land of the plaintiff, and mined and dug out divers large quantities of coal, etc., and if this amendment is allowed it is for the purpose of allowing them the claim from the inception of their alleged equitable title, which would add nine years prior to the date charged in the declaration.

The Court: We are of the opinion that the plaintiff has a right to show an equitable title to the lot in question under the parol contract, and to prove their possession and the payment of purchase money is offered, and to sustain their alleged right to recover for the coal mined under the premises.

To which the defendant excepts and bill sealed. [1]

Defendant's points were as follows:

1. That under the evidence and pleadings in this case there can be no recovery for any damages prior to the date of the deed to Annie L. Gotshall, the plaintiff, September 5, 1891; that the plaintiff has declared that she was the owner of a fee simple title to lot No. 5, in block No. 111, in the borough of Shamokin, and that in February, 1894, or thereabouts, the defendant broke and entered upon, into and underneath the surface of said land, and mined and removed large quantities of coal; that the said statement makes no charges of any injury to any equitable estate, and is any parol agreement, entered into between her and the grantor, merged in the deed, and the deed to her does not convey the right of action in the grantor,

Lewis Yerger.   Under the pleadings there can be no recovery for coal removed prior to the date charged in the declaration. *Answer:* Negatived. [2]

2. That under the pleadings in this case the defendant had no notice of any injury or claim for damages to any other than her fee simple title, which she acquired by virtue of the deed of Lewis Yerger to her, dated September 5, 1891.   Therefore, all evidence of the mining and removal of coal from underneath the said lot, prior to the execution and the delivery of said deed, must be excluded.   *Answer:* Negatived. [3]

3. That under the evidence in this case there can be no recovery for damages prior to September 5, 1891, the date of defendant's deed.   *Answer:* Negatived. [4]

Verdict and judgment for plaintiff for $800.   Plaintiff appealed.

*Errors assigned* were (1) ruling on evidence, quoting the bill of exceptions.   (2–4) Above instructions, quoting them.

*W. H. M. Oram* and *S. P. Wolverton,* for appellant.—There was not only a fatal variance between the proof and the allegation in the plaintiff's statement, but a recovery allowed and a verdict and judgment entered against the defendant for an alleged cause of action of which the most careful inspection of the statement discloses not the slightest intimation.   This is clear error: Darlington v. Painter, 7 Pa. 473; Pass. Conductors' Life Ins. Co. v. Birnbaum, 116 Pa. 565; Henry v. Fisher, 2 Lack. Jurist, 337; Erb v. Kindig, 6 Pa. Dist. Rep. 418; Ryder v. Jacobs, 182 Pa. 624; Todd v. Quaker City Mut. Fire Ins. Co., 9 Pa. Superior Ct. 381; Umbehocker v. Rassel, 2 Yeates, 339; Pratt v. Trunick, 2 Pittsburg Rep. 289; Good v. Mylin, 8 Pa. 54; 1 Greenleaf on Evidence (Lewis's ed.), secs. 51, 52, 448; Watkins v. Moore, 192 Pa. 221.

*W. H. Unger* and *Voris Auten,* for appellee.—The statute of limitations runs against an injury committed in a lower stratum, only from the time of actual discovery, or the time when discovery was reasonably possible: Lewey v. Fricke Coke Co., 166 Pa. 536.

The owner of an equitable title may maintain an action of

trespass against a mere intruder: Miller v. Zufall, 113 Pa. 317; Irwin v. Patchen, 164 Pa. 67; Halsey v. Blood, 29 Pa. 319; Arnold v. Pfoutz, 117 Pa. 110.

If it be held that the damages for the coal taken prior to the date of plaintiff's deed belonged to Yerger, then the record can and should be amended so as to make Lewis Yerger a coplaintiff: Schuylkill Nav. Co. v. Farr, 4 W. & S. 374; Blessington v. Com., 14 Atl. Repr. 416; Shaffer v. Eichert, 132 Pa. 285; Weaver v. Iselin, 161 Pa. 386; Susquehanna Mut. Fire Ins. Co. v. Clinger, 10 Pa. Superior Ct. 92; Erie City Iron Works v. Barber, 118 Pa. 19.

OPINION BY ORLADY, J., January 22, 1901:

The plaintiff brought this action of trespass to recover for divers quantities of coal mined and dug from her land. The time of the alleged trespass is stated as follows: "That in February, A. D. 1894, or thereabouts, the precise time or date cannot now be accurately given as the plaintiff had no means of knowing, and all information thereof was concealed from her by the said corporation, the said defendant," and she avers "that for many years prior to the grievance she was, and still is, the owner in fee simple of all that certain lot or piece of ground," etc.

The defendants pleaded not guilty; and on the trial (October 11, 1899), after evidence had been adduced which showed a trespass as far back as 1890, the defendant for further plea, without dissent, added that of actio non accrevit infra sex annos. The plaintiff was permitted to prove, under objection and exception, that she had acquired an equitable title to the premises in 1885 by a parol contract, pursuant to which she had gone into possession, made improvements, continued in notorious possession, paid all of the purchase money, and received a deed in fee simple therefor in 1891, "for the purpose of showing an equitable title in the plaintiff at the time some of the trespasses, complained of in the declaration, were committed." The offer and objections thereto are covered by the first assignment of error. The cause of action in this case was for the coal dug from under the plaintiff's lot. She had been in possession of the premises during the whole time covered by the trespass. Her inceptive title, dated in 1885, was followed by her continuous possession and payment of the

purchase money. It is true that the legal title to the lot remained in Lewis Yerger until September 5, 1891, the date of his deed to her, and the quantity of her estate was not a perfected fee simple. Under the contract with her father she had become the purchaser in fee of the property, but had the equitable title only, although she was to all intents and purposes the owner of the property. Being the equitable owner in fee, and as against this trespasser, she may be said to have been the entire, unconditional, and sole owner. Such would be held to be the law in determining the extent of her estate under an insurance policy which exempted the company from liability "if the interests of the assured be other than the entire, unconditional, and sole ownership:" Imp. F. Ins. Co. v. Dunham, 117 Pa. 460; Collins v. London Assurance Corporation, 165 Pa. 298. The holder of such a title, particularly where the possession is not disputed, may maintain an action of trespass against a wrongdoer: Ward v. Taylor, 1 Pa. 238; Baker v. King, 18 Pa. 138; Miller v. Zufall, 113 Pa. 317; Arnold v. Pfoutz, 117 Pa. 103; Irwin v. Patchen, 164 Pa. 51.

Amending the record by adding to the name of the present plaintiff that of Lewis Yerger, as a coplaintiff, averts all danger of injury to the defendant. As the case was tried on its merits, and the evidence affected by the condition of the record was received on the trial, we see no reason for not treating the record as so amended. It has been done in many cases in the Supreme Court in order to prevent injustice and facilitate the administration of law: Commonwealth v. McWilliams, 11 Pa. 61; Erie City Iron Works v. Barber, 118 Pa. 19; Shaffer v. Eichert, 132 Pa. 285; Chapin v. Cambria Iron Co., 145 Pa. 478; Weaver v. Iselin, 161 Pa. 386. Under the evidence it was not possible for her to have knowledge of the defendant's work under the ground. Had the trespass been on the surface she would have been bound to notice it. In Lewey v. Frick Coke Company, 166 Pa. 536, it was held as follows: "To require an owner under such circumstances to take notice of a trespass upon his underlying coal at the time it takes place, is to require an impossibility; and to hold that the statute begins to run at the date of the trespass is in most cases to take away the remedy of the injured party before he can know that an injury has been done him."

The statement does not give a definite date to fix the commission of the trespass, and specifically urges that the precise time or date cannot be accurately given, as she had no means of knowing, all information thereof being concealed from her by the defendant.    Therefore the statute runs against such an injury, as is clearly proved in this case, from the time of actual discovery, or the time when discovery was reasonably possible : Lewey v. Frick Coke Company, supra.

The assignments of error are overruled and the judgment is affirmed.