Clare J. Hoyt, J.
Defendant moves for judgment on the pleadings pursuant to section 476 of the Civil Practice Act on the ground that plaintiffs’ complaint fails to state a cause of action. The motion is granted.
The complaint alleges that plaintiffs are sons of the decedent (there is no indication that they are the only children) and that decedent prior to her de'ath employed the defendant, an attorney, to prepare a will for her execution. It is claimed that decedent directed the defendant to provide for a residuary clause naming plaintiffs as legatees thereof. The decedent could neither read nor write English and she executed the will relying, it is claimed, on defendant’s representation that the residuary clause had been prepared as directed whereas, in fact, the residuary clause was omitted from the will. Although decedent has been dead since January 30, 1961, there is no allegation that the purported will has been admitted to or offered for probate. No copy of the purported will is attached to the complaint nor are any of its provisions pleaded so that the court may know what provisions, if any, were made for the plaintiffs in the purported will. No allegation is made as to the identity of the decedent’s heirs at law who would succeed to the residuary estate in the absence of a provision for the disposition thereof in the will.
Plaintiffs urge the sufficiency of their complaint on the basis of two California cases, Biakanja v. Irving (49 Cal. 2d 647) and Lucas v. Hamm (56 Cal. 2d 583). They claim that Goldberg v. Bosworth (29 Misc 2d 1057 [Special Term, Supreme Ct., Kings County, 1961]) follows the California decisions.
In the Biakanja case, a will was denied probate because the defendant who drew it, a notary public, not an attorney, notarized the will instead of having it subscribed by attesting witnesses. The plaintiff was the sole legatee named in the will and by reason of the denial of probate, resulting solely from defendant’s action, he received one eighth of the estate instead of all of it. The defendant was held liable. In the Lucas case, the defendant attorney in attempting to create a testamentary trust violated the Rule against Perpetuities and the trust was held invalid. The beneficiaries thereof brought suit. The court sustained the complaint on the theory that the beneficiaries, although not in privity with the defendant attorney, were the primary objects of testator’s bounty and thus the express beneficiaries of the agreement between the testator and defendant attorney for the execution of the will.
The New York case, Goldberg v. Bosworth (supra), cannot be considered as controlling herein. Special Term dismissed the complaint brought against an attorney who had a devisee sign *192 as a subscribing witness which defeated the devise. Two causes of action each in negligence were dismissed because of the Statute of Limitations and the third cause of action was for fraud which was not properly pleaded. There was no determination made as to the sufficiency of the complaint which alleged negligence on the part of the defendant.
New York authorities do not extend liability to an attorney whose negligence may bring harm to a third party with whom he has no privity, provided the charge is simple negligence. An attorney is not liable to a third party for acts performed in good faith and mere negligence on the part of the attorney is insufficient to give a cause of action to the injured third party. He is liable to a third party only when he is guilty of fraud or collusion or of a malicious or tortious act (3 N. Y. Jur., Attorney and Client, § 78; 7 C. J. S., Attorney and Client, § 52, subd. b; Matter of Cushman, 95 Misc. 9; Dallas v. Fassnacht, 42 N. Y. S. 2d 415).
There is, in the court’s opinion, no reason to extend the liability of an attorney as presently defined under the New York rule and since the complaint makes no allegation of fraud, collusion or of a malicious or tortious act, the complaint cannot be sustained. In addition, as previously pointed out, until the will is admitted to probate no damages can result to persons who claim that the probated will would have contained certain provisions for their benefit were it not for the fault of another.