Coos,
No. 5846.

LUCILLE ROBINSON

*v.*

COLEBROOK GUARANTY SAVINGS BANK.

Argued November 7, 1968.
Decided June 3, 1969.

*George H. Keough* (by brief and orally), for the plaintiff.

*Frederick J. Harrigan* (by brief and orally), for the defendant.

DUNCAN, J. The events which led to the institution of this action of case for negligence were stated in part in *Blais* v. *Colebrook Savings Bank,* 107 N. H. 300, where it was held that a savings bank account in the name of Joseph L. Godin, payable on death to Lucille Robinson, did not become the property of the latter upon the death of the former. Thereafter, Mrs. Robinson brought this action against the bank, alleging a duty on its part to the depositor Godin to properly advise him so as to carry out his wishes with respect to the account, a negligent failure to perform that duty, and resulting damage to the plaintiff.

The action was referred to a master (*Peter J. Bourque,* Esq.), who made certain findings and rulings in writing, and recommended that a verdict be entered for the defendant. The plaintiff seasonably filed written objections to the master's report. Superior Court Rule 70, (RSA 491:App. R. 70). After hearing, the report was accepted by the Court (*Loughlin,* J.) subject to the plaintiff's exception. Questions of law raised by the exception were reserved and transferred by the Presiding Justice, and without ruling the Court also transferred the "question of whether plaintiff has a legal cause of action."

The master found that it was the depositor's intention, in making the account payable to the plaintiff at his death, that the funds should pass to her, and that he "anticipated that this end would be accomplished." He found that the bank, in the exercise of due care, should have been aware that Godin's intention would be thwarted. Although the defendant's actions were found to "constitute negligent conduct," a defendant's verdict was recommended because "the master is not aware of any legal duty owed by the defendant to the plaintiff." At the request of the defendant, the master found that there never was any contractual relationship between the bank and Mrs. Robinson.

At the hearing before the master, the evidence concerning the addition of the plaintiff's name to the Godin account consisted chiefly of the testimony of the president of the defendant bank, who had talked with the depositor Godin in 1963, when Godin sought to make his account payable to Mrs. Robinson upon his death, instead of making it a joint account with rights of survivorship as suggested by the teller whom he first consulted. The defendant's president testified that he advised Godin that a joint account "was the preferable way, and it was the way that everybody was doing it," and that there might be some question as to whether Mrs. Robinson would "be able to withdraw it without an argument." He stated that he also advised Godin to make a will. Godin, on the other hand, insisted upon having the account in the form which it finally took, and was specific in stating that he did not want Mrs. Robinson to know of the account. He "simply stated to me, as he had the teller, he wanted . . . the name of Lucille Robinson . . . added to the book and marked 'payable on death to Lucille Robinson.' " The witness also testified that he told Godin "that if he insisted, we probably could do it for him," and commented that "when you get a person that is positive, you either do it, or they take the account."

The plaintiff herself testified that when she later learned of the account, she urged her cousin to make a will, but he had replied that it was "fixed in a better way . . . at the bank."

The plaintiff had no part in the transaction with the defendant by which her name was added to the account. Presumably this explains the master's failure to find any duty owing by the bank to the plaintiff, since he ruled that the relationship between the bank and Godin imposed a duty of ordinary care.

The finding of negligence in permitting the account to be set up as it was, was expressly made in the light of prior decisions of this court (see cases cited in *Blais* v. *Colebrook Savings Bank*, 107 N. H. 300, *supra*, 301); the provisions of RSA 384:28, enacted in 1953; and the bank's failure to seek legal advice concerning "this type account." Its duty, however, was thought to extend only to the depositor, Godin.

"The duty to use due care in rendering a service arises not from a right to receive the service, but from the relation between the parties which the service makes." *Tullgren* v. *Company*, 82 N. H. 268, 270. Thus, a relation created by contract may

impose a duty to exercise care. See *Douglas* v. *Company,* 81 N. H. 371. In general, the scope of such a duty is limited to those in privity of contract with each other. However considerations of public policy have prompted the recognition of exceptions to this rule, as where the acts involved are imminently dangerous, and the risk to persons not in privity is apparent. See *Lenz* v. *Company,* 88 N. H. 212, 214; 38 Am. Jur., Negligence, *ss.* 21-24. Compare also the abandonment of the requirement of privity in the law relating to products liability. *Henningsen* v. *Bloomfield Motors, Inc.,* 32 N. J. 358, 379-384, 412. See also, 32 Am. Trial Law. Jour. 217-224.

The circumstances presented by the case before us are somewhat akin to those which have arisen where wills defectively executed have resulted in frustration of a decedent's purposes. In *Biakanja* v. *Irving,* 49 Cal. 2d 647, it appeared that the defendant, a notary public who had undertaken to prepare and supervise execution of a will, failed to produce a valid document, so that the intended beneficiary received no legacy. A judgment in her favor in her tort action against the scrivener was affirmed even though no privity had existed between them. In holding the action maintainable, the Court pointed to the foreseeability and certainty of the injury to the plaintiff because of the defendant's negligence, and concluded that the policy of preventing future harm required that a remedy be afforded. *Id.,* 650. Accord, *Licata* v. *Spector* (Conn.) 225 A. 2d 28. See also, *Lucas* v. *Hamm,* 56 Cal. 2d 583; *Heyer* v. *Flaig,* 74 Cal. Reptr. 225; Annot. 65 A.L.R. 2d 1363; Prosser on Torts (3d *ed.*) s. 99, *p.* 693.

We consider that the transaction here involved gave rise to a relationship between the defendant and the plaintiff, calling for the exercise of care by the defendant to prevent the injury which the plaintiff later suffered. By the year 1963, considerations surrounding the establishment of survivorship accounts must have been sufficiently well known to persons engaged in the banking business to make them chargeable with notice of the need for caution. Ordinary care required that the defendant take reasonable measures to avoid the injury which would result to the plaintiff by frustration of the depositor's intent.

Such measures however cannot reasonably be considered to have required that the bank wholly refuse to accede to the depositor's demands concerning his account. The defendant's

386

position differed from the positions of the defendants in the will cases cited above. The depositor placed no reliance upon the bank to accomplish the result which he sought. On the contrary he strongly insisted upon the form which was adopted, in the face of the defendant's warnings of the risk of injury to the plaintiff. Similarly he ignored the advice of both the defendant and the plaintiff that he make a will in the plaintiff's favor. In the circumstances the plaintiff's loss must be found to have resulted from the conduct of the depositor and not from any negligence on the part of the defendant bank.

*Judgment for the defendant.*

All concurred.