421 A.2d 333

**Mrs. Frances E. GUY**

v.

**Harry J. LIEDERBACH, William E. Eimer, Edward D. Foy, Jr., and Liederbach, Eimer & Foy, Attorneys–at–Law.**

**Appeal of Farrel J. THOMAS, Executor of the Estate of Frances E. Guy, Deceased.**

Superior Court of Pennsylvania.

Argued March 19, 1980.

Filed Aug. 1, 1980.

Petition for Allowance of Appeal Granted Nov. 15, 1980.

---

Galen D. Hawk, Philadelphia, for appellant.

David Freeman, Philadelphia, for appellees.

Before PRICE, CAVANAUGH and WATKINS, JJ.

PRICE, Judge:

This appeal from the order of the trial court sustaining appellees' preliminary objections raises the novel question in Pennsylvania whether a devisee may maintain a cause of action for legal malpractice against counsel for the testator when the devise fails due to improprieties in the execution of the will. We hold that such an action may be maintained and accordingly, we reverse the order of the court of common pleas.

The pertinent facts are as follows. Appellant's decedent (hereinafter plaintiff) filed a complaint in trespass and in assumpsit on January 23, 1976, alleging that on February 24, 1957, she attested the will of Edward J. Kent, Jr., which was prepared by appellee Harry J. Liederbach, counsel for Mr. Kent. The will directed that she receive the residue of the estate, after payment of a $4,500 bequest, and it nominated her to be the executrix. At the time of the execution of the will and at his death, the testator owned a parcel of real estate in Avalon, New Jersey. In 1974, a probate court in Camden County, New Jersey, citing a New Jersey statute,[1]

1. The statute applied was N.J.Stat.Ann. §§ 3A:3–6 and 3A:3–7. Those sections provided as follows:
   "Effect of devisee or legatee attesting will.
   No person who has attested a will shall be incompetent to testify concerning the execution thereof by reason of his being a beneficiary thereunder; but whether or not he testifies, as to him and those claiming under him, any beneficial devise, legacy, estate,

ruled that plaintiff was barred from taking under the will because she was an attesting witness. Her complaint alleged that the demise of the devise was caused by the negligence of appellee Liederbach in "directing" and "advising" her to be an attesting witness to the will while knowing that the testator was seized of real property in New Jersey, and she sought damages from appellees in an amount in excess of $10,000.

Appellees filed preliminary objections in the nature of a demurrer and alleged that the suit could not be maintained because: (1) no privity existed between plaintiff and appellees; and (2) the decision of the New Jersey court constituted collateral estoppel. The court of common pleas, in sustaining appellees' preliminary objections and dismissing the complaint, concluded that the suit was precluded due to a lack of an attorney–client relationship between plaintiff and appellees.

On appeal, appellant urges this court to adopt "the modern trend of recent decisions disposing of the instant question" and hold that an injured party may maintain a cause of action against an attorney regardless of the existence of privity of contract. We agree with appellant and conclude that the better view is to allow the maintenance of such a suit in accordance with the principles set forth herein.

Initially, we note that when considering preliminary objections in the nature of a demurrer, we accept as true all

interest, gift or appointment of or affecting real or personal property, except a charge on real property for the payment of a debt, shall be void." N.J.Stat.Ann. § 3A:3–6.

"Attesting witness not to receive gift directly or indirectly.

No attesting witness to whom a beneficial estate, interest, gift, or appointment is given or made, which is declared void pursuant to section 3A:3–6 of this title, shall demand or take possession of, or receive any profit or benefit of or from such estate, interest, gift or appointment so given or made to him by the will, or demand, receive or accept from any person any such legacy or bequest, or any satisfaction or compensation for the same, in any manner or under any color or pretense whatsoever." N.J.Stat.Ann. § 3A:3–7.

In 1978, New Jersey repealed the above provisions and adopted the Uniform Probate Code which does not invalidate any will or provision thereof merely because the will was signed by an interested witness. *See* N.J.Stat.Ann. § 3A:2A–7(b).

well—pleaded material facts in the complaint as well as all inferences reasonably deducible therefrom. *Allstate Insurance Co. v. Fioravanti*, 451 Pa. 108, 299 A.2d 585 (1973); *Vitteck v. Washington Broadcasting Co.*, 256 Pa.Super. 427, 389 A.2d 1197 (1978); *Barto v. Felix*, 250 Pa.Super. 262, 378 A.2d 927 (1977). In this endeavor, we are mindful that preliminary objections should be sustained and a complaint dismissed only in cases which are clear and free from doubt, *i. e.*, it must appear with certainty that, upon the facts averred, the law will not permit recovery by the plaintiff. *Allstate Insurance Co. v. Fioravanti, supra; Clevenstein v. Rizzuto*, 439 Pa. 397, 266 A.2d 623 (1970); *Vitteck v. Washington Broadcasting Co., supra.*

Although no appellate court[2] in this jurisdiction has ruled on the issue here presented, a number of other jurisdictions have addressed the question whether an attorney may be liable to a third party in an action arising out of his professional duties to his client. In denying liability in such actions to one not in privity of contract, courts have relied principally on two arguments: (1) that to allow such liability would deprive the parties to the contract of control of their own agreement; and (2) that a duty to the general public would impose a huge potential burden of liability on the contracting parties. *See Fickett v. Superior Court of Pima County*, 27 Ariz.App. 793, 558 P.2d 988 (1976); *Brody v. Ruby*, Iowa, 267 N.W.2d 902 (1978); Annot., 45 A.L.R.3d 1181 (1972). With respect to the instant case, the specific bases of relief upon which appellant relies have traditionally been unsuccessful: actions based in negligence have failed because in the absence of privity, courts have found that the attorney owed no duty to the injured party, *see, e. g., Hakala v. VanSchaick*, 171 Misc. 418, 12 N.Y.S.2d 928 (1939); *Waugh v. Dibbens*, 61 Okl. 221, 160 P. 589 (1916); *Currey v.*

**2.** The United States District Court for the Eastern District of Pennsylvania has held that for a plaintiff to recover against a defendant law firm in a legal malpractice case, it generally is essential that an attorney-client relationship exist between the parties. *See Connelly v. Wolf, Block, Schorr and Solis-Cohen*, 463 F.Supp. 914 (E.D. Pa. 1978).

*Butcher,* 37 Or. 380, 61 P. 631 (1900), and actions based on a third party beneficiary theory have failed because courts have found that the contract with the attorney was not expressly for the plaintiff's benefit and the testator only remotely intended the plaintiff to be benefitted as a result of the contract. *See, e. g., Buckley v. Gray,* 110 Cal. 339, 42 P. 900 (1895). The privity requirement, however, is, for all intents and purposes, uniformly dispensed with in situations in which the attorney's actions are motivated by fraudulent or illegal purposes or entail the commission of an intentional tort. *See, e. g., Havens v. Hardesty,* Colo.App., 600 P.2d 116 (1979); *Friedman v. Dozorc,* 83 Mich.App. 429, 268 N.W.2d 673 (1978); *McDonald v. Stewart,* 289 Minn. 35, 182 N.W.2d 437 (1970); *Kasen v. Morrell,* 18 Misc.2d 158, 183 N.Y.S.2d 928 (1959); *Thomas Fruit Co. v. Levergood,* 135 Okl. 105, 274 P. 471 (1929).

While it appears that a majority of states maintain that an attorney who acted negligently in the execution of his professional duties will not be liable to persons with whom he was not in privity of contract, this is a rapidly—eroding majority. Even some states that continue to maintain their prohibition of such suits have intimated that the privity requirement may be abolished in the future. *See, e. g., McEvoy v. Helikson,* 277 Or. 781, 562 P.2d 540 (1977); *Martin v. Trevino,* 578 S.W.2d 763 (Tex.Ct.App.1978).

■ The better view, we believe, is that, under certain circumstances, an attorney may be liable for damage caused by his negligence to a person intended to be benefitted by his performance irrespective of any lack of privity. In making the determination whether, in a particular case, the privity requirement should be dispensed with, the fact—finder shall employ a balancing test. This test, enunciated in the California case of *Lucas v. Hamm,* 56 Cal.2d 583, 15 Cal.Rptr. 821, 364 P.2d 685, *cert. denied,* 368 U.S. 987, 82 S.Ct. 603, 7 L.Ed.2d 525 (1961), involves the weighing of several factors, to wit: the extent to which the transaction was intended to affect the plaintiff; the foreseeability of harm to the plaintiff; the degree of certainty that the

plaintiff suffered injury; and the policy of preventing future harm.

In ruling that lack of privity will not bar a suit by a third party against an attorney, several states have adopted the *Lucas* test. *See, e. g., Fickett v. Superior Court of Pima County, supra; Licata v. Spector,* 26 Conn.Sup. 378, 225 A.2d 28 (1966); *Ryan v. Kanne,* 170 N.W.2d 395 (Iowa 1969) (test applied to a certified public accountant); *Robinson v. Colebrook Guaranty Savings Bank,* 109 N.H. 382, 254 A.2d 837 (1969) (by implication). Other states, while not specifically adopting this test, allow the maintenance of causes of action regardless of the existence of privity. *See, e. g., McAbee v. Edwards,* 340 So.2d 1167 (Fla.App.1976); *Hill v. Willmott,* 561 S.W.2d 331 (Ky.1978); *Succession of Killingsworth,* 270 So.2d 196 (La.App.1972). Indeed, the movement away from strict application of the traditional rule is well founded and the *Lucas* criteria lend themselves particularly to application in situations involving the negligent drafting or execution of a will.

■ If, after applying the balancing test, it is determined that the criteria for dispensing with the privity requirement are not met, then the plaintiff's cause of action in negligence must fail. If, however, it is determined that the criteria are met, then application of traditional negligence standards as well as proof of damages are in order. In this regard, we note that recently this court has had occasion to elucidate the essential elements of causes of action for professional negligence. In the case of *Schenkel v. Monheit,* 266 Pa.Super. 396, 399, 405 A.2d 493, 494 (1979), we stated:

"There are three essential elements which must be established to bring a cause of action for professional negligence. These are:

'1. The employment of the attorney or other basis for duty;

2. The failure of the attorney to exercise ordinary skill and knowledge; and

3. That such negligence was the proximate cause of damage to the plaintiff.'

R. Mallen & V. Levit, *Legal Malpractice* 123 (1977)" (footnote omitted).

As has been previously noted, plaintiff's complaint alleged not only a cause of action in negligence, but also one in assumpsit based on a third party beneficiary theory.

The traditional rule in Pennsylvania regarding third party beneficiaries is that an injured party may not recover under such a theory unless both parties to the contract intended to benefit the party and indicated that intention in writing, *Farmers National Bank v. Employers Liability Assurance Corp.*, 414 Pa. 91, 199 A.2d 272 (1964), *i. e.*, a promisor cannot be held liable to an alleged beneficiary of a contract unless the latter was within his contemplation at the time the contract was entered into and such liability was intentionally assumed by the promisor in his undertaking. *Van Cor, Inc. v. American Casualty Co.*, 417 Pa. 408, 208 A.2d 267 (1965); *Silverman v. Food Fair Stores*, 407 Pa. 507, 180 A.2d 894 (1962). It appears that the requirement that the intention to benefit a third party be expressed in the written contract has been relaxed somewhat. In the case of *Line Lexington Lumber & Millwork Co., Inc. v. Pennsylvania Publishing Corp.*, 451 Pa. 154, 301 A.2d 684 (1973), the plaintiff–lessor owned a building that it leased to the defendant–lessee. As part of the lease agreement, the lessee was required to pay all fire insurance premiums on the demised premises. The defendant contacted an insurance broker who intentionally caused a policy to be issued under which the defendant, rather than the plaintiff, was the named insured. The structure was destroyed by fire and the insurance company paid the defendant's claim. The plaintiff thereafter instituted a cause of action for reformation of the insurance contract. In holding that the plaintiff's complaint stated a cause of action for reformation, our supreme court stated that although the plaintiff was not specifically mentioned in the contract, the circumstances clearly indicated that the plaintiff was intended to be benefitted thereby.

In a subsequent case, the supreme court recognized the difficulty of requiring that the intent to benefit a third party be expressed in the contract itself. In *Pennsylvania Liquor Control Board v. Rapistan, Inc.*, 472 Pa. 36, 371 A.2d 178 (1976), the court noted:

"There has been some criticism recently concerning the requirement that the intent to benefit a third party be expressed in the contract itself. See, e. g., *Hillbrook Apartments, Inc. v. Nyce Crete Co.* [237 Pa.Super.] at 577, 352 A.2d at 154 (dissenting opinion of Cercone, J., joined by Jacobs, J.). Indeed, statements in many cases appear to indicate that the intent of the parties to benefit another should be determined from the circumstances surrounding the contract as well as from the contract itself. See, e. g., *Silverman v. Food Fair Stores, Inc.*, 407 Pa. at 509–10, 180 A.2d at 895 (' "The question whether a contract was intended for the benefit of a third person is one of construction. The intention of the parties in this respect is determined by the terms of the contract as a whole, construed in the light of circumstances under which it was made." '); *Mowrer v. Porrier v. McLane Corp.*, 382 Pa. 2, 114 A.2d 88 (1955); *Hillbrook Apartments, Inc. v. Nyce Crete Co.,* supra.

The PLCB argues that this Court should adopt the standard for intended beneficiary status set forth in section 133 of the Restatement (Second) of Contracts (Rev. ed. Tentative Drafts 1–7, 1973), which abolishes the distinction between creditor and donee beneficiaries. See also *Hillbrook Apartments, Inc. v. Nyce Crete Co.*, supra, 237 Pa.Super. at 580, 352 A.2d at 155 (dissenting opinion of Cercone, J., joined by Jacobs, J.). It provides:

'(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and

(b) *the circumstances indicate* that the promisee intends to give the beneficiary the benefit of the promised performance.'

Under this Restatement provision, a third party is an intended beneficiary only if he can reasonably rely on the contract as manifesting an intent to confer a right on him. Restatement (Second) of Contracts § 133 (comment d) (Rev. ed. Tentative Drafts 1–7, 1973). Thus, although there is no requirement that the intent to create an intended beneficiary be expressed in the contract, there must still be evidence, sufficient to permit reasonable reliance, that the promisee and promisor intended to confer a right on a third party." *Id.*, 472 Pa. at 44–46, 371 A.2d at 182. (footnote omitted).

Applying the Restatement approach to that case, the supreme court concluded that the facts and circumstances there failed to indicate that the parties to the contract intended a right to flow from their contract directly to a third party.

██ Our review of the order of the court of common pleas leads us to the conclusion that the court applied an erroneous standard in dismissing plaintiff's complaint in assumpsit. That order, dated November 17, 1978, sustained appellees' preliminary objections on the basis of a lack of an attorney–client relationship (*i. e.* privity) between the parties. Privity, however, is not an essential element of an assumpsit action based on a third party beneficiary theory. In fact, the absence of privity is assumed in such suits. The proper inquiry is whether plaintiff alleged facts that, if true, would entitle her to recovery as a third party beneficiary, *i. e.*, is there sufficient evidence that the promisee and promisor intended to confer a right on plaintiff to permit her reasonable reliance on that contract.

Accordingly, we find that it was error for the trial court to sustain appellees' preliminary objections on the grounds

of lack of privity.[3] Considering all well–pleaded facts in the complaint as well as all inferences reasonably deducible therefrom, we hold that the case is not so clear and free from doubt as to conclude that recovery by appellant is prohibited by law.

The order of the trial court is reversed and the case is remanded to the court of common pleas for further proceedings consistent with this opinion.

WATKINS, J., dissents.

---

3. We recognize appellees' brief presents two further arguments in support of their additional preliminary objections in the nature of a demurrer, but we find no merit to those arguments.