## Bearhalter v. Tracy[1]

---

1. This opinion deals with three cases, the complaint of each group of plaintiffs against defendant Thorn is identical to the complaints of the other plaintiffs. In response to each complaint against him, defendant Thorn filed a preliminary objection in the nature of a demurrer. Because in each action the same issue has been raised by Thorn's preliminary objection, we will dispose of the three cases in this opinion.

*Arnold E. Cohen,* for plaintiffs.
*William T. Renz, Rodger L. Mutzel, William J. C. O'Donnell, Kenneth T. Ulrich* and *Joy H. Karsch* for defendants.

RUFE *J.,* May 12, 1981—This matter is before the court pursuant to B.C.R.C.P. *266 for disposition of defendant Thorn's preliminary objection in the nature of a demurrer. For the reasons enunciated below, the preliminary objection will be sustained.

The procedural history of the action relevant to this opinion follows. On November 26, 1979, John A. Bearhalter and Emma V. Bearhalter, his wife (Bearhalters), and Vernon Van Luvanee and Doris J. Van Luvanee (Van Luvanees), filed a complaint in trespass and assumpsit against Berks Title Insurance Company, Lawyer's Title Insurance (Lawyers), Commonwealth Land Title Insurance Company, William P. Thorn, Esq. (Thorn), George W. Tracy, Esq. (Tracy), and J. Franklin Hartzel, Esq., to recover money damages allegedly arising out of certain conveyances of real property. After defendants raised various preliminary objections to the complaint, plaintiffs filed an amended complaint which differed but slightly from the original complaint, and like the original complaint, contained nine causes of action. Again defendants filed preliminary objections in the nature of demurrers, motions to strike, motions for more specific pleadings, and to challenge the alleged misjoinder of plaintiffs' causes of action.

On October 28, 1980, with the preliminary objections still outstanding, the parties, with the approval of the court, entered into a stipulation by which, inter alia, the several counts of the com-

plaint were severed resulting in three separate couses of action. The instant action[2] is based on cause of action numbers 1, 2 and 3 of the amended complaint concerning the Bearhalters' claim arising out of a deed dated September 22, 1971, and recorded in the Office of the Recorder of Deeds of Bucks County, in Deed Book 2013, page 633.[3] The stipulation also provided that all preliminary objections filed in the instant action, with the exception of the preliminary objections in the nature of a demurrer by Lawyers, Tracy and Thorn, were withdrawn.[4] The preliminary objections of Lawyers and Tracy were dismissed by an order interlocutory in nature and will not be discussed in this opinion. Consequently, it is Thorn's demurrer which is presently under consideration and to which we now direct our attention.

In their complaint, plaintiffs alleged that on the aforementioned dates they acquired separate parcels of land from the Women's Christian Temperance Union (WCTU) by deeds recorded as previ-

---

2. No. 79-11611-09-2-A. To avoid confusion, we will consider this action to be the subject of the instant opinion. Any discrepancies between the facts of this action and the remaining two actions will be clarified in the footnotes.

3. No. 79-11611-09-2-B, is based on cause of action numbers 4, 5 and 6 of the amended complaint concerning the Van Luvanees' claim arising out of a deed dated September 27, 1971, and recorded in the Office of the Recorder of Deeds of Bucks County, in Deed Book 2013, page 244. No. 79-11611-09-2-C is based on cause of action numbers 7, 8 and 9 of the amended complaint concerning the Bearhalters' claim arising out of a deed dated June 27, 1972, and recorded in the Office of the Recorder of Deeds of Bucks County, in Deed Book 2041, page 765.

4. In action nos. 79-11611-09-2-B and 79-11611-09-2-C all preliminary objections except Thorn's preliminary objection in the nature of a demurrer were withdrawn.

ously described. However, on October 12, 1977, a decree nisi was entered by the Hon. Arthur B. Walsh, Jr., Judge, of the Court of Common Pleas of Bucks County, that stated inter alia that the deeds to the tracts of land were null and void, and the Recorder of Deeds of Bucks County was ordered to strike the deeds from the record. The order set aside the deeds on the basis that the grantor, WCTU,had ceased to function in accordance with its original articles of incorporation; WCTU had failed to conduct corporate meetings to properly elect officers; that there were no authorized officers to carry on the business of the organization at the time of the conveyance; and WCTU had failed to get proper authorization from the Commonwealth to permit the sales.

Plaintiffs further alleged that at the time of the conveyances Thorn was WCTU's legal representative, and in that capacity he prepared the legal documents for WCTU to effectuate the transfer of the subject real property between WCTU and the Bearhalters. Thorn allegedly was under a duty to exercise due care in the preparation of the documents because "[t]he duty to use such care is imposed by operation of law and ran to the alleged grantor and to their grantees, the plaintiffs herein." (Paragraph 33 (a)).[5] Thorn knew or should have known that the individuals who purported to be the officers of WCTU lacked the authority to convey a valid deed to the property. Thorn allegedly breached the duty that ran to the grantees when he failed to obtain corporate authorizations for the conveyance and failed to inform plaintiffs that the conveyance was lacking validity due to the un-

_____

5. In no. 79-11611-09-2-B, the allegation was contained in paragraph 57(a); in no. 79-11611-09-2-C, paragraph 81(a).

availability of proper corporate authorizations. Because of Thorn's alleged negligence, plaintiffs allegedly suffered economic loss.[6]

Thorn challenged plaintiffs' complaint by filing a preliminary objection in the nature of a demurrer pursuant to Pa.R.C.P. 1017(b)(4) which provides, inter alia, "Preliminary objections are available to any party and are limited to . . . (4) a demurrer . . ." Thorn bases his demurrer on plaintiffs' failure to allege that Thorn ever represented them. Thorn contends that no duty was imposed on him by operation of law to represent plaintiffs as well as WCTU, and therefore, plaintiffs have failed to allege a cause of action.

In assessing defendant's demurrer we recognize that we must accept as true all well pleaded material facts that are contained in plaintiffs' complaint as well as all inferences reasonbly deducible therefrom. The preliminary objections should be sustained and the complaint dismissed only when it is clear that the law will not permit recovery by plaintiff: Guy V. Liederbach, 279 Pa. Superior Ct. 543, 421 A. 2d 333 (1980).

Generally, the rule regarding an attorney's liability to third parties is stated in Davis v. Community Legal Services, Inc., 9 D. & C. 3d 367 (1979), quoting 1 Standard Pa. Pract., Liability to Third Persons, §228 at p. 369: (footnotes ommitted).

"'An attorney is not ordinarily liable to third persons for the acts of his client or for his own acts,

---

6. There is no indication in either the amended complaint or plaintiffs' brief that Thorn represented plaintiffs in any way or that he had privity with them. Further, there is no suggestion that Thorn's participation in the subject transaction went beyond his role as WCTU's legal counsel. Consequently, any duty owed by Thorn to plaintiffs during the instant transaction would be imposed only as a matter of law.

committed in the exercise of his proper functions as attorney, pertinent to the matter in question. He is liable for negligence in the conduct of his professional duties, arising only from ignorance or want of care, to his client alone—that is, to the one with whom the attorney's contract of employment and services exists—and not to third persons. . . .'"

Plaintiffs contend that the Pennsylvania Superior Court dispensed with the privity requirement in Guy v. Liederbach, supra, and consequently, Thorn owed them a duty to exercise due care as a matter of law. In Guy, plaintiff alleged that she attested the will of Edward J. Kent, Jr., a will under which plaintiff was to receive the residue of Kent's estate after a $4,500 bequest was made. At the time of the execution of the will and his death, Kent owned real property in Avalon, New Jersey. Plaintiff was barred from taking real property under New Jersey law because she was an attesting witness to the will. Plaintiff sued the attorney who drafted the will, charging that he was negligent in "directing" and "advising" her to be an attesting witness. Defendant attorney demurred to plaintiff's complaint, claiming that there was no privity between the parties and therefore he owed no duty to plaintiff. The lower court sustained the preliminary objection.

On appeal, the Superior Court framed the issue as "whether a devisee may maintain a cause of action for legal malpractice against counsel for the testator when the devise fails due to improprieties in the execution of the will." Id. at 545, 421 A. 2d at 334. The court answered in the affirmative and reversed the lower court, decreeing:

"[U]nder certain circumstances, an attorney may be liable for damage caused by his negligence

to a person *intended to be benefitted by his performance* irrespective of any lack of privity. In making the determination whether, in a particular case, the privity requirement should be dispensed with, the fact-finder shall employ a balancing test. This test, enunciated in the California case of Lucas v. Hamm, 56 Cal. 2d 583, 15 Cal. Rptr. 821, 364 P. 2d 685, cert. denied 368 U.S. 987, 82 S.Ct. 603, 7 L.Ed. 2d 525 (1961), involves the weighing of several factors, to wit: the extent to which the transaction was intended to affect the plaintiff; the foreseeability of harm to the plaintiff; the degree of certaintly that the plaintiff suffered injury; and the policy of preventing future harm." Id. at 548, 421 A. 2d 335 (emphasis supplied).

It is clear from Guy that the intended beneficiary of a will who does not receive his entire legacy because the will was improperly drafted can maintain an action against the attorney who drafted the will despite the lack of privity. However, contrary to plaintiffs' contention, it is apparent that the rule of Guy should not be extended to the facts of the instant case.

The issue in the Guy case, quoted above, was drawn very narrowly and only included the facts of the case before the court. The language of the opinion indicates that the holding in Guy was not intended to be a general extension of the abrogation of the privity requirement for third party suits against attorneys.

In Lucas v. Hamm, the California case upon which the Guy court relied, the court also addressed the question of whether an attorney can be held liable to the intended beneficiaries of a will for his negligence in drafting the will when the beneficiaries are deprived of property because of such

negligence. The court, of course, answered in the affirmative and enunciated the balancing test adopted by the Guy court. However, the Lucas court made it clear that the rule enunciated did not represent a total abolition of the requirement of privity in suits against attorneys for professional negligence.

"The general rule with respect to the liability of an attorney for failure to properly perform his duties to his client in that the attorney, by accepting employment to give legal advice or to render other legal services, impliedly agrees to use such skill, prudence, and diligence as lawyers of ordinary skill and capacity commonly possess and exercise in the performance of the tasks which they undertake. [Citations omitted.] The attorney is not liable for every mistake he may make in his practice; he is not, in the absence of an express agreement, an insurer of the soundness of his opinions or of the validity of an instrument that he is engaged to draft. . . ." Lucas v. Hamm, 15 Cal. Rptr. 821, 364 P. 2d 685, 689 (1961), cert. denied, 368 U.S. 987, 82 S. Ct. 603, 7 L. Ed. 2d 525 (1961). On the basis of the preceding language, it is clear that the Lucas court intended that the exception carved in the general rule would have limited application.

In fact, our research indicates that the rule first enunciated in Lucas has had limited application. Except for disputes involving will drafting and the examination of titles, there is a dearth of cases vis-a-vis third party claims for negligence against attorneys. See Anno. Attorney's Liability to One Other Than His Client, 45 A.L.R. 3d 1181 et seq. An exception to this general observation is the case of Chalpin v. Brennan, 114 Ariz. 124, 559 P. 2d 680 (1976), a case that is factually similar to the instant

case. In Chalpin, defendant was employed as legal counsel for Mobile Gardens, Inc. (MGI).

Plaintiff, who had purchased stock in MGI, sued defendant for malpractice for negligently drafting the option contracts and the employment-management agreements involved in the stock purchase on the basis that they contained material misrepresentations of fact. Plaintiff claimed that defendant, although he had not represented plaintiff, owed him a duty to exercise due care in drafting the documents. Pursuant to defendant's motion, the lower court entered a summary judgment for defendant and plaintiff appealed.

The Arizona Court of Appeals affirmed and held that an attorney is not liable for legal malpractice to a third party who is not his client and not in privity with him. The court would not apply the rationale of Lucas and its progeny to Chalpin, distinguishing them by the degree to which injury to plaintiff could be foreseen and the extent to which the original attorney-client relationship between defendant and MGI was intended to affect plaintiff. The court concluded, at p. 126:

"To impose upon counsel the responsibility of fully representing his client's interests in a contractual situation and at the same time making him liable to a third party to the transaction for fraud and misrepresentations under malpractice theory we believe to be unreasonable and unwise. A holding to the contrary could conceivably encourage a party to contractual negotiations to forego personal legal representation and then sue counsel representing the other contracting party for legal malpractice if the resulting contract later proves disfavorable in some respect."

We agree with the reasoning and result of Chal-

pin. In applying Chalpin to the case at hand, it is clear that in a contractual situation such as the present one, the only party which can maintain an action against an attorney for malpractice is the party represented by that attorney.

Finally, we will employ the Guy balancing test in the instant case to determine the propriety of dispensing with the privity requirement. In a will drafting situation, it is in the contemplation of both the drafting attorney and the testator to create a document for the express benefit of certain beneficiaries. However, in the absence of an express agreement, when a party employs legal counsel to aid in the sale of real estate it cannot be gainsaid that the parties did not contemplate the sale of the real estate to any particular party. Applying this analysis to the instant case, we find that there was no intention that the agreement between Thorn and WCTU would affect the plaintiffs, nor should the latter be considered foreseeable plaintiffs. Additionally, this court, while recognizing the public policy interests underpinning the Guy decision, is unable to identify the policy which would be served by rendering an attorney liable to a third party of a contractual transaction for the attorney's alleged malpractice. We hold that it would be inappropriate to dispense with the privity requirement under the facts of this case.

In conclusion, we are unable to dispense with the privity requirement in the plaintiffs' malpractice suit against Thorn. Because of this lack of privity during plaintiffs' purchase of the WCTU property, it is clear that the law will not permit plaintiffs to recover against Thorn for his alleged malpractice. Accordingly, Thorn's preliminary objection in the nature of a demurrer will be sustained.

## ORDER

And now, May 12, 1981, it being clear as a matter of law that plaintiffs in each of the above-captioned actions cannot recover against defendant Thorn, it is hereby ordered and decreed that defendant Thorn's preliminary objection in the nature of a demurrer is sustained. Judgment for defendant Thorn and against plaintiffs will be entered.