**Robert C. NEEDHAM, Appellant,**

v.

**George E. HAMILTON III, et al., Appellees.**

**No. 81–481.**

District of Columbia Court of Appeals.

Argued Nov. 25, 1981.

Decided April 12, 1983.

---

George R. Clark, Washington, D.C., with whom Virginia L. Riley, Washington, D.C., was on the brief, for appellant.

James C. Gregg, Washington, D.C., with whom James F. Bromley, Washington, D.C., was on the brief, for appellees.

Before NEWMAN, Chief Judge, NEBEKER, Associate Judge, and KELLY, Associate Judge, Retired.*

NEBEKER, Associate Judge:

Robert C. Needham brought a legal malpractice suit against the appellees based upon their admitted negligence in the drafting of a will which resulted in Needham's being denied the extent of the estate the testatrix intended that he take. The trial court ruled that because Needham had not himself contracted for the drafting of the will, his lack of privity barred the action. Appellees' motion to dismiss was, therefore, granted. We hold that the requirement of privity does not extend to a malpractice suit brought by the intended beneficiary of a will against the attorneys who drafted it. Given our rationale for disposition, we need not dwell upon a third party beneficiary analysis for, in any event, the gravamen of the cause of action is negligence. We reverse and remand the case with directions to reinstate the complaint.

The facts of this case are undisputed. Needham was the nephew of Elizabeth McC. Jones. In the summer of 1974, Mrs. Jones directed the appellees to prepare a new last will and testament for her. Between August and December of 1974 several drafts of the will were prepared by the appellees, each of which named Needham in the thirteenth paragraph as the sole residu-ary beneficiary. An identical provision was contained in Mrs. Jones' earlier will which had also been prepared by appellees. Around December 5, 1974, the appellees delivered to Mrs. Jones a draft will designating Needham as the sole residuary beneficiary.

Sometime on or after December 5, 1974, Mrs. Jones requested that appellees make further changes in the draft will to include certain specific bequests for her grandnieces and grandnephews. In order to accomplish this, appellees inserted a new thirteenth paragraph. Due to some error, this new draft failed to include any residuary clause. Mrs. Jones executed this erroneous will on January 24, 1975, and died on January 26, 1980. The omission was not discovered until January 28, 1980, at which time appellees admitted that Needham was to have been named as the sole residuary beneficiary.

The estate is presently in probate. Having not been provided for, Mrs. Jones' residuary estate will pass through intestacy. As such, Needham will receive one-half of that estate, the other half being shared between two additional intestate takers. Needham brought suit against appellees for recovery of the half of the residuary estate he will lose due to their error.

It is well established that "the general rule is that the obligation of the attorney is to his client, and not to a third party . . . ." *National Savings Bank v. Ward,* 100 U.S. 195, 200, 25 L.Ed. 621 (1880). This denial of liability to anyone not in privity of contract is premised primarily upon two concerns: "(1) that to allow such liability would deprive the parties to the contract of control of their own agreement; and (2) that a duty to the general public would impose a huge potential burden of liability on the contracting parties." *Guy v. Liederbach,* 279 Pa.Super. 543, 547, 421 A.2d 333, 335 (1980) (appeal pending). *See Fickett v. Superior Court of Pima County,* 27 Ariz.App. 793, 558 P.2d 988 (1976); *Brody v. Ruby,*

---

* Judge Kelly was an Associate Judge of the court at the time of argument. Her status changed to Associate Judge, Retired, on March 31, 1983.

267 N.W.2d 902 (Iowa 1978); Annot., 45 A.L.R.3d 1181 (1972).

A thorough analysis of this general rule of nonliability to third parties was undertaken by Justice Cardozo in the landmark decision of *Ultramares Corp. v. Touche,* 255 N.Y. 170, 174 N.E. 441 (1931). There, a third party which relied to its detriment upon a negligently prepared certified balance sheet brought a damage suit against the public accountants responsible for the financial misrepresentations. The court held that absent fraud or collusion, liability for negligence resulting from honest mistake was "bounded by the contract and [was] to be enforced between the parties by whom the contract [had] been made." *Id.* at 189, 174 N.E. at 448. The court reasoned that to extend the duty to exercise reasonable care to persons beyond the party in privity might expose individuals "to a liability in an indeterminate amount for an indeterminate time to an indeterminate class." *Id.* at 179, 174 N.E. at 444. This court has followed the *Ultramares* analysis when presented with cases brought by third parties belonging to an "indeterminate class" unknown to the parties in privity. *See Thornton v. Little Sisters of the Poor,* 380 A.2d 593 (D.C.1977) (negligence in making title report); *Long v. American Savings & Loan Ass'n,* 151 A.2d 770 (D.C.1959) (negligence in making title examination).

The rule requiring privity is not, however, without exception. *Glanzer v. Shepard,* 233 N.Y. 236, 135 N.E. 275 (1922), authored by Justice Cardozo prior to *Ultramares,* recognized that the law does impose a duty to exercise reasonable care which extends to third parties notwithstanding a lack of privity where the impact upon the third party is "not an indirect or collateral consequence," but the "end and aim of the transaction." *Id.* 233 N.Y. at 238–39, 135 N.E. at 275. Acknowledging this exception, this court has applied the *Glanzer* analysis when presented with third party claims where it is alleged that the plaintiffs were the direct and intended beneficiaries of the contracted for services. *See Security Na-*

*tional Bank v. Lish,* 311 A.2d 833 (D.C. 1973); *Long v. American Savings & Loan Ass'n, supra.*

## II

The application of the privity of contract rule to legal malpractice cases involving the drafting or execution of wills is a matter of first impression here. We are aware, however, that this same issue has been considered by other jurisdictions. With the exception of some courts of New York, courts recently confronted by this question have uniformly allowed the intended beneficiary to maintain a cause of action against the drafting attorney. *See Stowe v. Smith,* 184 Conn. 194, 441 A.2d 81 (1981); *Guy v. Liederbach, supra; Jaramillo v. Hood,* 93 N.M. 433, 601 P.2d 66 (1979) (cause of action implied); *McAbee v. Edwards,* 340 So.2d 1167 (Fla.Dist.App.1976); *Succession of Killingsworth v. Tuttle,* 292 So.2d 536 (La. 1974); *Woodfork v. Sanders,* 248 So.2d 419 (La.App.1971); *Heyer v. Flaig,* 70 Cal.2d 223, 449 P.2d 161, 74 Cal.Rptr. 225 (1969); *Licata v. Spector,* 26 Conn.Supp. 378, 225 A.2d 28 (Conn.C.P.1966); *Lucas v. Hamm,* 56 Cal.2d 583, 364 P.2d 685, 15 Cal.Rptr. 821 (1961), *cert. denied,* 368 U.S. 987, 82 S.Ct. 603, 7 L.Ed.2d 525 (1962). *But see Maneri v. Amodeo,* 38 Misc.2d 190, 238 N.Y.S.2d 302 (1963). We acknowledged this trend in *Morowitz v. Marvel,* 423 A.2d 196 (D.C.1980).

We hold that the better view is that which allows the intended beneficiary of a will a malpractice cause of action against the drafting attorneys. We reach this result for the following reasons. First, neither of the rationales supporting the requirement of privity applies to the situation presented. This is not a case in which the ability of a nonclient to impose liability would in any way affect the control over the contractual agreement held by the attorney and his client, as the interests of the testatrix and the intended beneficiary with regard to the proper drafting and execution of the will are the same. Additionally, this duty does not extend to the general public but only to a nonclient who was the direct

and intended beneficiary of the attorney-client relationship.

Second, it is obvious that "the main purpose of a contract for the drafting of a will is to accomplish the future transfer of the estate of the testator to the beneficiaries named in the will ...." *Lucas v. Hamm, supra,* 56 Cal.2d at 589–90, 364 P.2d at 688, 15 Cal.Rptr. at 824. This situation thus closely parallels that presented in *Glanzer* and therefore should fall within the *Glanzer* exception to the privity requirement. Conversely, the *Ultramares* analysis is inapplicable. While the exact amount of damage suffered by the intended beneficiary may not be clear immediately, as is true here where the size of the residuary estate remains unknown until the will has been fully probated, the potential liability is not the type of "indeterminate amount" feared in *Ultramares.* Time is not indeterminate; the attorney is liable until the "duty effectively to fulfill the desired testamentary scheme" has been discharged. *Heyer v. Flaig, supra,* 70 Cal.2d at 230, 449 P.2d at 166, 74 Cal.Rptr. at 230. As already discussed, the right of action is only available to the direct and intended beneficiaries of the will and not to an "indeterminate class."

*Reversed and remanded.*