## Moore *versus* Juvenal.

1. In an action against an attorney-at-law for neglecting to prosecute a claim until it was barred by the Statute of Limitations, where there was no fraud or concealment on the part of the attorney, the plea of the bar of the statute is a good defence.

2. Where the declaration, in such a case, alleges a breach of duty, and a special consequential damage, the breach of the duty, and not the consequential damage is the cause of the action, and the statute runs from the time of the former and not from the time the special damage is revealed or becomes definite.

3. The fact that plaintiffs retain the defendant as their attorney after he had violated his implied contract with them, does not suspend the operation of the statute.

January 19th 1880.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ.   GREEN, J., absent.

Error to the Court of Common Pleas, No. 1, of *Philadelphia county* : Of January Term 1880, No. 20.

Assumpsit, brought November 17th 1874, by Daniel T. Moore and Burrows P. Rich against Margaret H. Y. Juvenal and Jacob V. Juvenal, executors of William W. Juvenal, deceased, to recover damages for an alleged breach of professional duty in the mismanagement of a cause which the Messrs. Moore and Rich had intrusted to him—a claim which they had against the Green and Coates Streets Passenger Railway Company—by which the plaintiffs allege that they have sustained damage by reason of his want of diligence in proceeding in that case, in consequence of which the claim which they had against that company was lost to them by being barred by the Statute of Limitations.

The *narr.* alleged that W. W. Juvenal was employed as counsel by plaintiffs in an equity suit in 1858 against the above-named railway company, in which suit Court of Common Pleas, No. 1, made a decree in favor of plaintiffs for $24,797.20 ; and by decree a certain suit was ordered to be brought, and that Juvenal, though often requested to begin and prosecute the same did not do so until February 27th 1867, in which suit judgment was entered against plaintiffs February 27th 1871, whereby they lost the benefit of the decree of May 23d 1859, and damages were therefore laid for

[Moore *v.* Juvenal.]

the amount of said decree, less $15,000 with interest, which the company had paid in 1859. The defendants pleaded non-assumpserunt and the Statute of Limitations.

The facts as set forth in the opinion of the court below, Peirce, J., were as follows:—

"The defendant was employed as counsel by plaintiffs in an equity proceeding and claim which they had against the Green & Coates Streets Passenger Railway Company. In that proceeding the Court of Common Pleas for the city and county of Philadelphia, on the 23d day of May 1859, decreed in favor of the plaintiffs for the sum of $24,797.20, the amount of the award of the appraisers in their favor, without prejudice to the right of the defendants to contest the same; and, inter alia, ordered that an amicable action be entered forthwith by and between the plaintiffs and defendants to determine the legal and binding effect of the award.

"On the 26th of May 1859, this decree was modified by agreement of the parties, and $15,000 were paid to the plaintiffs; and defendants in that suit agreed to pay a further sum upon said award as soon as approved. On June 6th 1866, the plaintiffs moved for a final injunction, which was refused, and a decree was made in accordance with that of May 23d 1859, as modified by the agreement of May 26th 1859. From this decree the plaintiffs appealed to the Supreme Court. The decree was there affirmed.

"No action was brought on behalf of the plaintiffs, as ordered by the court, until February 27th 1867. To this the defendants therein, the Green & Coates Streets Passenger Railway Company, inter alia, pleaded the Statute of Limitations, and the Supreme Court gave judgment on this plea in favor of the defendants: 14 P. F. Smith 79. The defendant in this action, believing that the appraisement made in favor of the plaintiffs was in the nature of a legal award, and that though plaintiffs had twenty years in which to bring their action, delayed bringing it, although frequently urged by the plaintiffs to do so, and was not made fully aware of the consequences of his negligent delay until the judgment of the Supreme Court above referred to was given, January 24th 1870. That court held that the cause of action against the Green & Coates Streets Passenger Railway Company accrued November 23d 1859, and was barred by the statute six years thereafter.

The action against the defendant in this suit was brought to December Term 1874, and his counsel contend that it is barred by the Statute of Limitations, that the negligence complained of began at the date of the decree of May 23d 1859, when the plaintiff was ordered to bring suit against the railway company."

The defendant submitted the following points, to which are appended the answers of the court:—

[Moore *v.* Juvenal.]

1. That the action is barred by the Statute of Limitations, and the plaintiffs cannot recover.

Ans. "I do not affirm that, but reserve it as a question of law for the court in banc."

2. That even if the plaintiffs ever had any cause of action, it commenced at the date of the decree of May 23d 1859, and that no suit having been brought within six years from that date, the plaintiffs cannot recover, and the verdict must be for the defendant.

Ans. "I do not affirm that, but reserve it as a question of law for the court in banc.

3. That the breach of duty being laid in the declaration on the twenty-third day of May 1859, and a special consequential damage being alleged, the cause of action is the breach of duty, and not the consequential damage, and the Statute of Limitations runs from the date of breach of duty, which being laid more than six years before this suit, the action is barred by the Statute of Limitations, and the verdict must be for the defendant.

Ans. "I do not affirm that, but reserve it as a question of law for the court in banc."

7. If the jury believe from the evidence that Mr. Sellers came into the case in June 1866, the breach of duty of the defendant, if there was such, had taken place more than six years before that time, and the Statute of Limitations will preclude a recovery by the plaintiffs, and the verdict must be for the defendant.

Ans. "I do not affirm that point, but reserve it as a question of law for the court in banc."

In the general charge the court, inter alia, said: Upon the whole case, as there seems to be nothing for you to determine, it being mostly questions of law, it is simply a matter of calculation as to the difference between $15,000 and $24,797.20, with interest thereupon. For that amount I instruct you to render a verdict, subject to the opinion of the court in banc upon the questions of law raised in the cause.

The jury in accordance with this instruction rendered a verdict for plaintiff for $21,632.21.

The court in banc subsequently entered judgment for defendant, Peirce J., in an opinion, inter alia, saying: "The facts in this case appear to bring it within the rulings in Campbell *v.* Boggs, 12 Wright 525, and Rhines *v.* Evans, 16 P. F. Smith 192. But it is said that the plaintiffs were put off their guard by the defendant repeatedly saying to them that there was plenty of time in which to bring their action against the railroad company. This is not shown to have been an act of fraud on the part of the defendant. At most it seems to have been a mistake of judgment or a misunderstanding of the law. It did not conceal from the plaintiffs that he was neglecting their business, for they were frequently

[Moore v. Juvenal.]

urging him to bring action against the company, and if it was mistake of the law on his part, it did not excuse him from his duty and a liability to the plaintiffs for a breach of it, any more than a mistake of the law on their part excused the plaintiffs for not having brought their action against the railroad company in time; for ignorance of the law excuseth no man, whether he be layman or lawyer.

"It follows that, whether the right of action against the defendant accrued in 1859, when he failed in his duty to bring an action against the railway company, as ordered by the court and his client, or in 1865, when the action against the railway company was fully barred by the statute, the action against him is fully barred by the failure of the plaintiffs to bring their action against him in the one case for fifteen years, and in the other for nine years after their cause of action accrued.

"It matters not that the plaintiffs did not know that their action against the railway company was barred by the Statute of Limitations until the decision of the Supreme Court in 1870.    The rights of parties do not depend on their knowledge or want of knowledge of the law, or their opinion respecting it—the basis would be too uncertain—but upon the law itself, which is applied equally to all men, the learned and the unlearned.

"The verdict is set aside, and judgment is entered for the defendant on the point reserved, *non obstante veredicto.*"

The action of the court was assigned for error by plaintiff, who took this writ.

*J. Warren Coulston* and *Robert D. Benedict,* for plaintiffs in error.—The relation of attorney and client existed until 1870, and the statute did not begin to run until the termination of that relation : McCoon *v.* Galbraith, 5 Casey 293.    When the professional relation involves a series of acts and duties, an attorney is not liable until the relation is dissolved : Glenn *v.* Cuttle, 2 Grant's Cases 273.    The action was rescued from the operation of the statute by the repeated promises to commence the action: Yaw *v.* Kerr, 11 Wright 333.

It would seem a necessary conclusion that the attorney's right to compensation for a given service, and the client's right of action for the attorney's negligence in the performance of the service, must arise at the same time, and be effected in the same way by the statute.

If the court, then, in the interest of attorneys, hold that their right of action for services is not affected by the Statute of Limitations until the termination of the relation of attorney and client, why must they not, in the light of even-handed justice, hold that the client's right of action for negligence in performing those services, is to stand on the same footing ? Hale's Ex'r *v.* Ard's

[Moore *v.* Juvenal.]

Exr's., 12 Wright 22; Lichty *v.* Hughes, 5 P. F. Smith 434. The action could not be brought until 1870, for the negligence was not discovered until that time: Derrickson *v.* Cady, 7 Barr 27; Morgan *v.* Tener, 2 Norris 305; Leasure *v.* Mahoning Township, 8 Watts 551. The agent cannot set up the statute where he has misled the principal and induced him to delay his action: Wickersham *v.* Lee, No. 1, 2 Norris 421. An attorney acting wrongfully, even under a wrong impression, is liable: Cox *v.* Livingston, 2 W. & S. 103.

*John A. Brown, Thomas J. Diehl* and *George W. Thorne,* for defendants in error.—The breach of duty being laid in the declaration as of May 23d 1859, it was, in view of this, that the defendant asked the court to charge as set forth in the the third point.

The English rule, in actions on the case for negligence, where the declaration alleges a breach of duty, and a special consequential damage, is that the cause of action is the breach of duty, and not the consequential damage; and the statute runs from the time when the breach of duty is committed, and not from the time the consequential damage accrued: Howell *v.* Young, 8 Dowl. & Ry. 14; 5 Barn. & Cress. 259; per Burnside, J., in Derrickson *v.* Cady, 7 Barr 31.

An attorney who collects money for his principal, is bound to pay it over at once, and his neglect to do so is a breach of the implied contract, for which an action of assumpsit will lie. The Statute of Limitations begins to run from the time the right of action accrues, and not from the time when notice is given of the receipt of the money, unless there has been fraudulent concealment on the part of the attorney. Fraud has no place in this controversy, nor was it at any time alleged. This case is governed by Campbell *v.* Boggs, 12 Wright 525, and Rhines *v.* Evans, 16 P. F. Smith 192.

Mr. Justice STERRETT delivered the opinion of the court, March 1st 1880.

The breach of professional duty on which this action is founded is the omission of defendant's testator to commence proceedings for the recovery of a claim against the Green and Coates Streets Passenger Railway Company, until after the same was barred by the Statute of Limitations.

The defence was twofold: 1st. That the duties he owed to his clients were faithfully discharged and hence he was not liable for the loss of their claim. 2d. That this suit, having been brought more than six years after the alleged cause of action accrued, was barred by the statute.

The first branch of the defence was withdrawn from the jury, and they were instructed to render a verdict for the plaintiffs,

[Moore *v.* Juvenal.]

subject to the opinion of the court on the question of law, as to the effect of the Statute of Limitations, raised by the defendants' first, second, third and seventh points. The court in banc gave judgment in favor of the defendants *non obstante veredicto;* and thus they were not in a position to complain of the ruling of the court on the first branch of their defence.

It was agreed that the facts, upon which the question of law was reserved, are embodied in the opinion of the court below; and the single question presented is whether upon the admitted facts the action was barred by the statute.

It appears that the alleged breach of duty must have occurred, if at all, prior to 1866. It is not claimed that anything was done or omitted to be done after that time whereby the plaintiffs were injured. The special damage complained of had all been done before, although it was not known or fully realized until 1870, when by the final judgment of this court in the case of the railway company above named against the present plaintiffs in error (14 P. F. Smith 79), it was determined that the claim, with the collection of which defendants' testator had been intrusted, was barred by the statute, because proceedings had not been commenced within six years after the right of action had accrued. The negligence complained of began after the decree of May 23d 1859, and must have been complete in six years thereafter, when the statute had run in favor of the railway company, so as to be an absolute bar to the plaintiffs' claim in that case. The defendants' testator, believing that the appraisement made in favor of the plaintiffs was in the nature of a legal award, and that they had twenty years within which to bring their action, delayed proceeding until the bar of the statute was complete.

In the meantime he had been frequently urged by the plaintiffs to proceed, and they were fully aware that suit was not commenced until Febuary 1867, nearly two years after their claim was in fact barred. There was no concealment, or attempt on the part of defendants' testator to conceal the fact that the contemplated proceeding had not been commenced. In May 1866, with full knowledge of the delay that had occurred, they consulted and retained other counsel, who took an active part in commencing the suit in 1867, and conducting the same to final judgment, with the result above stated. Although not certainly known or realized until the determination of that case in 1870, it is nevertheless the fact that the claim was barred, and thus lost prior to 1866, and all the negligence which conduced thereto had, of course, occurred before that date. It is not pretended that there was any neglect of duty thereafter by which they were prejudiced. It follows, therefore, that as soon as their claim against the railway company was barred and lost, they had a right of action against their attorney for any neglect of duty on his part, which resulted in the loss then actually

[Moore v. Juvenal.]

sustained. This being the case, the statute commenced to run against their claim for damages, and completely barred the same in six years thereafter, unless there was something peculiar in the facts of the case to suspend its operation.

The record discloses nothing that should have such effect. There was no fraud or concealment by which the plaintiffs were misled or thrown off their guard. Aside from his dilatory conduct, their attorney acted in good faith, but with mistaken judgment. It is a mistake to suppose that the plaintiffs had no cause of action, and could not have brought this suit until after the final decision of their case against the railway company in January 1870. Where the declaration, as in this case, alleges a breach of duty and a special consequential damage, the breach of duty and not the consequential damage is the cause of action, and the statute runs from the date of the former, and not from the time the special damage is revealed or becomes definite: Wilcox et al. *v.* Plummer's Exr's, 4 Pet. 172. In Howell *v.* Young, 8 Dowl. & Ry. 14, which, like the case last cited, was an action against an attorney for negligence whereby the plaintiffs lost their debt, it is said, "The loss does not constitute a fresh ground of action, but a mere measure of damages. There is no new misconduct or negligence of the attorney, and consequently there is no new cause of action." There was nothing in the present case to have prevented the plaintiffs from bringing their suit any time within six years after their claim against the railway company was actually barred. If they had done so, every question touching their right to recover could have been determined in that action; but they not only waited until their suit against the railway company was decided against them, but they delayed for nearly five years thereafter. During all this time, covering a period of over nine years, they were aware of the facts which constitute the alleged negligence, and all that can be urged in their behalf is that, in common with their counsel, they did not know or realize the effect thereof until January 1870. Even then they would have been in time if they had brought suit promptly.

The facts of the present case bring it within the principles of Campbell *v.* Boggs, 12 Wright 524; Rhines *v.* Evans, 16 P. F. Smith 192, and Wilcox *v.* Plummer's Executors, *supra*, in the former of which, it is held to be the duty of one who collects money, to pay it over to his principal at once, and neglect to do so, is a breach of his implied contract from which a right of action immediately springs; and the statute begins to run then, and not from the time when notice is given of the receipt of the money, unless there be fraudulent concealment. In referring to the allegation of the plaintiffs, that they were put off their guard by the defendants' intestate repeatedly saying to them, that there was plenty of time in which to bring their action against the railway company, the

[Moore *v.* Juvenal.]

learned judge in his opinion says, "This is not shown to have been an act of fraud on the part of the defendant. At most, it seems to have been a mistake of judgment or a misunderstanding of the law. It did not conceal from the plaintiffs that he was neglecting their business, for they were frequently urging him to bring suit against the company." In Rhines *v.* Evans, a claim in an attorney's hands was lost, in consequence of neglect to properly enter a judgment; and, in a suit brought against him more than six years after the judgment should have been entered, the statute was held to be a bar.

The fact that plaintiffs still retained defendants' testator, as their attorney, after he had violated his implied contract with them, did not suspend the operation of the statute. They were under no obligation to do so. There was nothing to prevent them from discharging him at any time, if necessary, and commencing their action within the six years. In view of the facts as embodied in the opinion of the court below, we are of opinion, that there was no error in entering judgment for the defendants *non obstante veredicto.*

Judgment affirmed.