651 F.2d 908
 DaMATO, Carl A., DaMato, Rose, his wife, Appellants in No. 80-2762,
v.
TURNER & NEWALL, LTD., Bell Asbestos Mines, Ltd., Special
Asbestos Company, Inc., Cassiar Asbestos Corp. Ltd.,
Asbestos Corporation, Ltd., Huxley Development Corporation,
Canadian Johns-Manville Asbestos, Ltd., Canadian
Johns-Mansville Company, Ltd., Johns-Manville Sales
Corporation, GAF Corporation, Lake Asbestos Corporation of
Quebec, Carey Canadian Mines, Ltd., North American Asbestos
Corporation, General Mining and Finance Corporation, Ltd.,
Turner Asbestos Fibres, Ltd., Central Asbestos Company, Ltd.
and Certain Teed Corporation (Count VII Only), Raybestos
Manhattan, Inc., Southern Asbestos.
LINDAHL, Pearl, Administratrix of the Estate of Lindahl,
Fred S., Deceased, Appellant in No. 80-2763,
v.
TURNER & NEWALL, LTD. and Bell Asbestos Mines, Ltd. and
Special Asbestos Company, Inc. and Cassiar Asbestos Corp.,
Ltd. and Asbestos Corporation, Ltd. and Huxley Development
Corporation and Canadian Johns-Manville Asbestos, Ltd. and
Canadian Johns-Manville Company, Ltd. and Johns-Manville
Sales Corporation and GAF Corporation, and Lake Asbestos
Corporation of Quebec and Carey Canadian Mines, Ltd. and
North American Asbestos Corporation and General Mining and
Finance Corporation, Ltd.
TURNER ASBESTOS FIBRES, LTD. and Central Asbestos Company,
Ltd. and Certain Teed Corporation (Count VII
Only), Raybestos Manhattan, Inc.,
Southern Asbestos, United
States of America,
v.
CERTAIN TEED CORPORATION, Certain-Teed Corporation (Directly
and as Successor-In-Interest to Keasbey & Mattison Company)
and Nicolet Industries, Inc. (Successor-In-Interest to
Keasbey & Mattison Company).
SAYLOR, Albert, Administrator of the Estate of Saylor,
Jennie, dec'd., Appellant in No. 80-2764,
v.
TURNER & NEWALL, LTD., Bell Asbestos Mines, Ltd., Special
Asbestos Company, Inc., Cassiar Asbestos Corp., Ltd.,
Asbestos Corporation, Ltd., Huxley Development Corp.,
Canadian Johns-Manville Asbestos, Canadian Johns-Manville
Co., Ltd., Johns-Manville Sales Corp., GAF Corp., Lake
Asbestos Corp. of Quebec, Carey Canadian Mines, Ltd., North
American Asbestos Corp., General Mining and Finance Corp.,
Turner Asbestos Fibres, Ltd., Central Asbestos Co., Ltd.,
Certain Teed Corp., Southern Asbestos and Raybestos
Manhattan, Inc., U.S.A., Nicolet Industries, Inc., Atlas
Asbestos Company.
PEARSON, Jessie I., Administratrix of the Estate of Pearson,
Richard D., Deceased, Appellant in No. 80-2765,
v.
TURNER & NEWALL, LTD., Bell Asbestos Mines, Ltd., Special
Asbestos Company, Inc., Cassiar Asbestos Corp., Ltd.,
Asbestos Corporation, Ltd., Huxley Development Corporation,
Canadian Johns-Manville Asbestos, Ltd., Canadian
Johns-Manville Company, Ltd., Johns-Manville Sales
Corporation, GAF Corporation, a Delaware Corporation, Lake
Asbestos Corporation of Quebec, Carey Canadian Mines, Ltd.,
North American Asbestos Corporation, General Mining and
Finance Corporation, Ltd., Turner Asbestos Fibres, Ltd.,
Central Asbestos Company, Ltd., and Certain Teed
Corporation, Raybestos Manhattan, Inc., Southern Asbestos
and United States of America.
 Nos. 80-2762 to 80-2765.
 United States Court of Appeals,
Third Circuit.
 Argued June 9, 1981.
Decided June 22, 1981.
 
 Edward Rubin, Robert Redler (argued), Hamburg, Rubin, Mullin & Maxwell, Lansdale, Pa., for appellants.
 Patrick T. Ryan, Virginia Gibson-Mason, Drinker, Biddle & Reath, Philadelphia, Pa., David Booth Beers (argued), S. Elizabeth Gibson, Thomas R. Andrews, Shea & Gardner, Washington, D.C., for Cassiar Asbestos Corp. Ltd.
 Edward B. Joseph, Frederic L. Goldfein, Ominsky, Joseph & Welsh, Philadelphia, Pa., for Asbestos Corp., Ltd.
 Robert M. Britton, James F. Gallo, Post & Schell, Philadelphia, Pa., for Bell Asbestos Mines, Ltd.
 Charles W. Craven, Marshall, Dennehey & Warner, Philadelphia, Pa., for Canadian Johns-Manville Asbestos, Canadian Johns-Manville Co., Johns-Manville Sales Corp.
 G. Wayne Renneisen, Joel D. Gusky, Harvey, Pennington, Hertin & Renneisen, Philadelphia, Pa., for Carey Canadian Mines, Ltd.
 Before ALDISERT, GIBBONS and WEIS, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 The question for decision in this appeal by plaintiffs from adverse summary judgments in diversity actions brought under Pennsylvania law is whether the district court erred in determining that when the plaintiffs knew the physical causes and sources of their injuries, their lack of knowledge about the legal bases for prospective claims will not toll the Pennsylvania statute of limitations. We affirm.
 
 
 2
 We are satisfied that Judge Newcomer's opinion in Grabowski v. Turner & Newall, 516 F.Supp. 114 (E.D.Pa.1980), sets forth the appropriate legal precepts and properly applied the undisputed facts thereto. Additional support for the view we take is found in Volpe v. Johns-Manville Corp., 4 P.C.R. 290 (Phila.C.P.1980) (Takiff, J.). See also Anthony v. Koppers Co., Inc., --- Pa.Super. ---, ---, 425 A.2d 428, 436 (1981) (citing Volpe with approval); cf. United States v. Kubrick, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979) (interpreting two year limitation period in Federal Tort Claims Act, 28 U.S.C. § 2401).
 
 
 3
 The judgment of the district court will be affirmed.