Paul BOERGER

v.

Richard LEVIN.

Civ. A. No. 92–7097.

United States District Court,
E.D. Pennsylvania.

Feb. 11, 1993.

Arsen Kashkashian, Jr., Kashkashian and Associates, Bristol, PA, for plaintiff.

C. Andre Washington, Post & Schell, Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

In 1988, plaintiff, Paul Boerger, hired defendant, attorney Richard Levin, to represent him in a mortgage foreclosure action. That case is pending in this court as *Boerger, et al. v. Clearbrook Properties, et al.,* No. 88–CV–5396, before the Honorable Lowell A. Reed, Jr. In August, 1992, Judge Reed stayed the *Boerger* litigation when Clearbrook filed for bankruptcy. The stay remains in effect.

Boerger is now suing Levin for malpractice for his handling of *Boerger v. Clear-*

*brook.*[1] He claims Levin negligently failed to bring that action to trial before Clearbrook filed its bankruptcy petition and thereby delayed, reduced, and possibly eliminated Boerger's mortgage recovery. Boerger also demands an accounting of Levin's legal fees, claiming he has been overcharged approximately $75,000.

■ I will grant Levin's motion to dismiss on the ground of non-justiciability. Since the underlying suit in which Levin represented Boerger has not yet been adjudicated, Boerger cannot show that Levin's performance proximately caused his injury or even that he was injured at all.[2] "[W]hen it is alleged that an attorney has breached his professional obligations to his client, an essential element of the cause of action ... is proof of actual loss." *Duke & Co. v. Anderson*, 275 Pa.Super. 65, 418 A.2d 613, 617 (1980). *See also Gans v. Gray*, 612 F.Supp. 608, 617 (E.D.Pa.1985) (approving Pennsylvania Superior Court holdings that legal malpractice plaintiffs must prove actual loss resulting from defendants' conduct). While Boerger expects to lose money from the bankruptcy court's distribution of the Clearbrook estate, "the mere breach of a professional duty, causing only nominal damages, speculative harm, or the threat of future harm—not yet realized—does not suffice to create a cause of action for negligence.... [U]ntil the client suffers appreciable harm as a consequence of his attorney's negligence, the client cannot establish a cause of action for malpractice." *Budd v. Nixen*, 6 Cal.3d 195, 98 Cal.Rptr. 849, 852, 491 P.2d 433,

436 (1971); *see Fort Myers Seafood Packers, Inc. v. Steptoe and Johnson*, 381 F.2d 261, 262 (D.C.Cir.), *cert. denied*, 390 U.S. 946, 88 S.Ct. 1033, 19 L.Ed.2d 1135 (1967).

■ This case is even clearer than *Bowman v. Abramson*, 545 F.Supp. 227 (E.D.Pa.1982). In that case, summary judgment had been entered against a medical malpractice plaintiff in an underlying suit. While the judgment was pending on appeal, plaintiff sued his lawyer for malpractice. Judge Newcomer dismissed the suit for lack of a justiciable controversy, holding that the underlying medical case may yet be decided on appeal in plaintiff's favor. *See id.* at 228. Similarly, in *Garcia v. Community Legal Services Corp.*, 362 Pa.Super. 484, 524 A.2d 980 (1987), *appeal denied*, 517 Pa. 623, 538 A.2d 876 (1988), the court stated in dicta that were a jury award to be stayed pending appeal, a suit by the losing party against his attorney for malpractice may be non-justiciable until the appeal process was complete and the stay lifted. *See id.* 524 A.2d at 987. These cases stand for the proposition that until a client's loss is enforceable against him, the client cannot sue his lawyer for malpractice.[3]

■ Clearly, then, Boerger's cause of action is not yet ripe. His loss is not just reversible, or stayed; it is as yet nonexistent. Boerger can point to no actual loss which can constitute "injury" at the hands of his lawyer. He is suing only on the

---

1. The action before me is a diversity suit, removed to federal court by the defendant, Attorney Levin. Pennsylvania law applies.

2. A legal malpractice plaintiff must prove: 1) the employment of the attorney or other basis for duty; 2) the failure of the attorney to exercise ordinary skill and knowledge; and 3) that such negligence was the proximate cause of damage to the plaintiff. *See McHugh v. Litvin, Blumberg, et al.*, 525 Pa. 1, 574 A.2d 1040, 1042 (1990).

3. The question of when a malpractice cause of action accrues generally arises in the context of statutes of limitations, rather than ripeness or justiciability. Courts are divided as to whether

the statutes begin running when the attorney commits the allegedly negligent act, or when the act causes the plaintiff some cognizable damage. The Pennsylvania Supreme Court has been silent.

The Pennsylvania Superior Court has held, however, that a criminal defendant's cause of action against his attorney accrues as soon as the client knows he is injured—i.e., incarcerated—even though his post-conviction petition may be pending. *See Quick v. Swem*, 390 Pa.Super. 118, 568 A.2d 223, 224 (1989). Even in that case, however, the plaintiff could allege that his distinct injury (imprisonment) had been caused by the negligence of his attorney. Boerger, on the other hand, has suffered no actual harm.

basis of anticipated loss, and I must therefore dismiss his complaint.[4]

 I will also dismiss without prejudice Boerger's demand for the accounting of fees. Although Boerger requests fee clarification in a separate count of his complaint, I find the request is an integral part of the malpractice claim and is similarly unripe.

---

**4.** Of course, this holding means that the statute of limitations on Boerger's claim against Levin will not start running until Boerger suffers actu-al damage. Since the claim is not yet ripe, the limitations period cannot have begun. *See Bowman,* 545 F.Supp. at 228.